446 P.2d 1

**STATE of Arizona, Plaintiff,**

**v.**

**Joe EDWARDS, Defendant.**

**No. 1797.**

Supreme Court of Arizona.

In Banc.

Oct. 2, 1968.

Rehearing Denied Oct. 18, 1968.

John F. Taylor, Navajo County Atty., Warner G. Leppin, Deputy County Atty., Holbrook, for plaintiff.

Lewis, Roca, Beauchamp & Linton by James Moeller, Charles F. Wilkinson, Phoenix, for defendant.

LOCKWOOD, Justice:

Defendant Joe Edwards was informed against for the crime of Burglary by

Mechanical Means as set forth in A.R.S. § 13–303 (1956). That section provides:

"A person who, with felonious intent, enters a building or other structure, and by use of nitroglycerine, dynamite, gunpowder or other different explosive, or by the use of electricity, acetylene gas, oxyacetylene gas or other burning or melting power or force, or by use of any mechanical device or contrivance whatsoever, opens or attempts to open a vault, safe or other secure place designed for safe keeping of money or other valuable property, is guilty of burglary by means of mechanical devices, and shall be punished by imprisonment in the state prison for not less than five years."

Defendant requested, pursuant to Rule 116, Rules of Criminal Procedure, 17 A.R.S., that the State be ordered to furnish a bill of particulars which, among other things, would apprise defendant of the "specific nature of the mechanical device or contrivance alleged by the County Attorney to have been used in the commission of the crime". The State answered the request, and regarding the question as to mechanical device or contrivance, alleged that a "crow bar, proll pry bar, brace and bit, screw driver (2) flash light, and jimmy bar" were used in the alleged crime.

Subsequently, defendant moved to quash the information on the ground that "the bill of particulars * * * discloses that the instruments allegedly used by defendant were not 'mechanical devices or contrivances' within the meaning of A.R.S. § 13–303". Defendant also filed a motion to certify certain questions to this Court pursuant to Rule 346, Rules of Criminal Procedure. The trial court deemed the motion meritorious, and with no opposition, the court ordered that the following questions be certified for our determination:

"1. Does the Doctrine of Ejusdem Generis require an interpretation of Section 13–303 A.R.S. to the effect that the instruments set forth in the Bill of Particulars were not intended by the legislature to be within the purview of said section?

"2. Does Section 13–304 A.R.S. stand in pari materia with Section 13–303 A.R.S., and if so, does 13–304 establish that the instruments allegedly used as set forth in the Bill of Particulars are 'Burglarious Tools' and not mechanical devices or contrivances?

"3. Does the phrase 'mechanical device or contrivance whatsoever' as used in section 13–303 A.R.S. preclude prosecution for burglary under said section when the instruments allegedly used are those as set forth in the Bill of Particulars? In other words, are any or all of the instruments specified in the Bill of Particulars a mechanical device or contrivance as used in said Section 13–303?

"4. Would an interpretation of Section 13–303 A.R.S. to include the instruments allegedly used in this case make the statute unconstitutional for vagueness and uncertainty?"

It is the opinion of this Court that all the questions certified are answered in the negative as shall be more fully set forth in the following discussion.

## Question 1.

Defendant asserts that § 13–303 is ambiguous and uncertain in meaning and that the rule of construction, *ejusdem generis*, should be applied to resolve the ambiguity in favor of a determination that the instruments set forth in the bill of particulars are excluded from the ambit of § 13–303. As a rule of construction, *ejusdem generis* means:

"Where general words follow the enumeration of particular classes of persons or things, the general words should be construed as applicable only to persons or things of the same general nature or

class of those enumerated." *City of Phoenix v. Yates,* 69 Ariz. 68, 73, 208 P.2d 1147, 1150 (1949).

Defendant's use of the rule of *ejusdem generis* would make the words "or by the use of any mechanical device or contrivance whatsoever" mere surplusage. This is true, for

"If the specific words exhaust the class, the general words must extend beyond the class or have no meaning * * *." *City of Phoenix v. Yates, supra,* 68 Ariz. at 74, 208 P.2d at 1150 (1949).

■ Section 13–303 sets forth three *entirely distinct classes* of mechanical means for committing burglary: (a) burglary by use of explosives; (b) burglary by the use of burning or melting force; (c) burglary by the use of any mechanical device or contrivance. Cf. *Fitzpatrick v. Board of Medical Examiners,* 96 Ariz. 309, 394 P.2d 423 (1964). This is a comprehensive statute proscribing what is generally known as "safecracking". Our examination of statutes from the penal codes of other states reveals that no other state has enacted a statute nearly so all-inclusive, except perhaps the Ohio legislature in § 2907.12 Ohio Rev.Code (1954) which provides:

"No person, by day or night, maliciously and forcibly, with the aid of any instrument, device or explosive, shall blow or attempt to blow, force or attempt to force, an entrance into a safe, vault, or depository box wherein is contained any money or thing of value * * *." Cf. 4 Code of Laws, South Carolina § 16–337 (1962).

This Court has previously stated that "[o]nly where the statute is ambiguous are courts at liberty to construe the language used" in ascertaining the legislative intent. *City of Mesa v. Killingsworth,* 96 Ariz. 290, 294, 394 P.2d 410, 412 (1964). We find no ambiguity in § 13–303 which would re-

quire the application of rules of construction, nor are we persuaded that a crow bar, pry bar, brace and bit, screw drivers, and jimmy bar, among other conceivable tools, devices, instruments, and contrivances, do not fall within the ambit of the statute. The presumption is that legislatures do not include in statutes provisions which are redundant, void, inert and trivial. The Arizona legislature expressly manifested its intent and purpose by enacting § 13–303, and this Court cannot deny the statute's plain meaning.

### Question 2.

■ Defendant argues that A.R.S. § 13–304 (1956), which provides that

"A person having upon him, or in his possession, a picklock, crow, key, bit or other different instrument or tool, with intent feloniously to break or enter into a building, or who knowingly makes or alters, or attempts to make or alter, a key or other instrument named in this section so that it will fit or open the lock of a building, without being requested to do so by some person having the right to open the lock, or who makes, alters or repairs an instrument or thing, knowing or having reason to believe that it is intended to be used in committing a misdemeanor or felony, is guilty of a misdemeanor."

must be read in pari materia with § 13–303. It is contended that § 13–304 enumerates what are "burglarious tools" and as such, by its language excludes the mechanical devices or contrivances set forth in § 13–303. To read these two sections in that manner would lead to an absurd conclusion. Section 13–304 is in part a possession statute— possession with the intent to use the item(s) possessed to break or enter a building. There is a separate statute dealing with possession of high explosives. See A.R.S. § 13–921 (1956). Section 13–303 expressly deals with the *use* of the three classes of means for committing burglary on a "vault, safe or other secure place". We see no reason whatever to read these two statutes

**490**

*in pari materia,* as each deals with separate acts and conduct. Assuming, *arguendo,* that § 13–304 presents an ambiguity if not read *in pari materia* with § 13–303, it would be consistent with previous decisions of this Court to resolve the ambiguity by

> "[A]ttaching to the words used * * * that meaning of words which best harmonizes with the context." Phoenix Title & Trust Co. v. Burns, 96 Ariz. 332, 335, 395 P.2d 532, 533 (1964).

Burglarious tools, to use defendant's terminology, may be the means for committing burglary set forth in § 13–303 and § 13–304 does not delimit the instruments, devices, tools and contrivances the possession of which is punishable under that section.

### Question 3.

■ Our previous discussion regarding questions 1 and 2 makes it amply clear that this question is answered in the negative. We do not hold however, that those items alleged in the bill of particulars are the only mechanical devices or contrivances intended by the legislature to be included within § 13–303. It would seem reasonable to state that a flashlight is not a mechanical device or contrivance vis-a-vis burglary by mechanical means except as it might be used in combination with tools in the commission of the burglary.

### Question 4.

■ Having held that § 13–303 by its language includes the items alleged in the bill of particulars, we hold the statute constitutional, for a cursory reading of its provisions sufficiently apprises the defendant of the acts being proscribed by its terms.

In sum, this Court is satisfied that § 13–303 is sufficiently precise in its terms to preclude upholding the position advanced by the defendant. The cause is remanded to the Superior Court of Navajo County for further proceedings according to law.

McFARLAND, C. J., UDALL, V. C. J., and STRUCKMEYER and BERNSTEIN, JJ., concur.