666 P.2d 486

**STATE of Arizona, Appellant,**

v.

**Kurt MITCHELL, Appellee.**

**STATE of Arizona, Appellant,**

v.

**Richard Thomas WILLIAMS, Appellee.**

Nos. 1 CA–CR 5271, 1 CA–CR 5352.

Court of Appeals of Arizona,
Division 1, Department B.

Nov. 18, 1982.

Rehearing Denied Feb. 10, 1983.

Review Granted March 29, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Phoenix, Davis S. Ellsworth, Yuma County Atty. by Tim Holtzen, Deputy County Atty. and Suzanne Laursen, Deputy County Atty., Yuma, for appellant.

Paul Hunter, Yuma, for appellees.

Thomas E. Collins, Maricopa County Atty. by Jerry G. Landau, Deputy County Atty., Phoenix, amicus curiae.

OPINION

JACOBSON, Presiding Judge.

The sole issue presented in these appeals is whether A.R.S. § 28–692.02[1] applies to

---

1. All statutes referred to in this opinion are those in effect at the time the offenses were committed.

A.R.S. § 28–692.02 states:
  A person whose operator's or chauffeur's license is suspended, revoked, or refused and

persons whose out-of-state licenses have been suspended, revoked, or refused by their home states.

On separate occasions, appellee Mitchell and appellee Williams were arrested in Yuma County during January, 1981 and charged with driving while under the influence of intoxicating liquor while their driver's licenses were revoked. Prior to trial, appellee Mitchell filed a motion *in limine* seeking to suppress the state's evidence of the revocation of his Wisconsin driver's license by the State of Wisconsin. A similar motion was made by Williams as to the revocation of his Arkansas license by the State of Arkansas. After these motions were granted, the state moved to dismiss the complaints without prejudice pursuant to *State v. Million*, 120 Ariz. 10, 583 P.2d 897 (1978) and appealed the suppression orders pursuant to A.R.S. § 13–4032(7). These appeals were consolidated on the state's motion because of common questions of law and fact.

The state argues that the word "license" as used in A.R.S. § 28–692.02, given its ordinary meaning, would include nonresident licenses and should not be limited to Arizona licenses absent specific limiting language. Additionally, the state argues that the statute, viewed in context with the sentencing provisions of its preceding sections, reflects no rational basis to distinguish operators who are driving with a suspended, revoked, or refused Arizona license from operators driving with out-of-state licenses which are equally infirm.[2]

These sentencing provisions, the state contends, reflect a clear legislative intent to enhance punishment to felony status for drivers who have committed acts of such severity that their licenses have been suspended, revoked, or refused, regardless of where that action was taken.

In its *amicus* brief, the Maricopa County Attorney, in support of the state's position, further argues that because a nonresident is permitted to drive in Arizona without first obtaining an Arizona license (*See* A.R.S. § 28–412), such nonresident should be subjected to the same sentencing provisions as an Arizona resident. Thus, the argument continues, the nonresident operator driving under the authority of his out-of-state license, should be punished under A.R.S. § 28–692.02 if that license has been suspended, revoked, or refused by his home state.

Appellees, in support of the trial court's ruling, rely primarily upon A.R.S. § 28–1102(3) which states:

"License" means any license, temporary instruction permit or temporary license *issued under the laws of this state* pertaining to the licensing of persons to operate motor vehicles. (Emphasis added.)

This definition appears in Arizona's Safety Responsibility Act and distinguishes "license" from "nonresident operating privilege" defined in A.R.S. § 28–1102(4):

"Nonresident operating privilege" means the privilege conferred upon a nonresident by the laws of this state pertaining to the operation by him of a motor vehicle, or the use of a motor vehicle owned by him in this state.

---

who commits the offense of driving a vehicle while under the influence of intoxicating liquor or drugs during the period of such suspension, revocation or refusal, or a person who has never applied for or obtained an operator's or chauffeur's license who commits a second offense of driving while under the influence of intoxicating liquor or drugs, is guilty of a class 6 felony.

**2.** Former A.R.S. § 28–692 contains a tri-level progressive sentencing scheme for operators driving a vehicle while under the influence of intoxicating liquor:

A.) A.R.S. § 28–692.01(A) provides that a first offense is a class 1 misdemeanor carrying a mandatory one day jail sentence and permits surrender of one's license in the discretion of the trial judge.

B.) A.R.S. § 28–692.01(B) provides that a second offense shall be treated as a class 1 misdemeanor and, if committed within 24 months of the first offense, carries a mandatory 60 days in jail and mandatory surrender of one's license.

C.) A.R.S. § 28–692.02 provides that one who drives while his license is suspended, revoked, or refused and when intoxicated is guilty of a class 6 felony.

Applying the Safety Responsibility Act definition of "license" to A.R.S. § 28–692.-02, they contend that only those persons whose Arizona licenses have been revoked fall within the statutory penalty. The state counters by arguing that since the definition of "license" in A.R.S. § 28–1102(3) appears only in Chapter 7 of Title 28, it is inapplicable to offenses charged in Chapter 6 of that title.

To resolve this issue, we start with the basic premise that in order for a person to lawfully drive a motor vehicle on the highways of this state that person must have a valid Arizona driver's license or be exempt from obtaining such a license. *See* A.R.S. § 28–411. Falling within the exemptions, are nonresidents who have a valid license from their home state or are not required to have a driver's license in their home state. *See* A.R.S. § 28–412. Thus, as the definitions in Chapter 7, dealing with Arizona's Safety Responsibility Act makes clear, there are two primary classes of lawful drivers in Arizona (1) those who hold a valid Arizona license, and, (2) those who are otherwise privileged to drive because of exemptions from holding an Arizona license including nonresidents with valid home state licenses.

At this point, it is clear that the argument presented in the *amicus* brief begs the question. If a nonresident's drivers license has been suspended, revoked, or refused by the home state rather than Arizona, the nonresident operator is not driving in Arizona under the authority of his nonresident license as claimed in the *amicus* brief, but, in fact, is specifically prohibited from driving in Arizona by the language of A.R.S. § 28–412 which requires a *valid* license from the home state.

With this premise in mind the definition of "license" as used in A.R.S. § 28–692.02 must be read in connection with A.R.S. § 28–473(A) which prohibits driving a motor vehicle while the operator's license is suspended, revoked or refused since A.R.S. § 28–692.02 simply increases the penalty

where the element of intoxication is present while driving when the license is suspended, revoked or refused.[3] A.R.S. § 28–473 provides in pertinent part that:

Any person who drives a motor vehicle on a public highway of this state at a time *when his privilege* so to do is suspended, revoked or refused, is guilty of a misdemeanor. . . . (Emphasis added.)

■ We can thus conclude that while the piece of paper designated a "license" may be evidence of the privilege granted by the statutes to drive on the state's highways, it is the suspension, revocation or refusal of the privilege to drive by the State of Arizona which is the gravamen of the offense. This analysis becomes clearer when applied to the privilege granted to nonresident drivers to operate their vehicles in Arizona. A.R.S. § 28–442 provides:

The *privilege* of driving a motor vehicle on the highways of this state given to a nonresident under this chapter shall be subject to suspension or revocation by the department in like manner and for like cause as an operator's or chauffeur's license issued under this chapter may be suspended or revoked. (Emphasis added.)

*See also* A.R.S. § 28–443.

Under this statute if a nonresident's privilege to drive had been revoked by the State of Arizona he could be charged with violation of A.R.S. § 28–473(A) (driving while the privilege to operate in Arizona has been revoked) and A.R.S. § 28–692.02, if intoxicated, even though he had in his possession a valid, non-revoked license from his home state.

■ Based on this analysis, the definition of "license" provided in A.R.S. § 28–1102(3) as being one issued by the State of Arizona is inapplicable to the word "license" as used in A.R.S. § 28–692.02, for, theoretically, individuals holding valid nonresident licenses can be charged under that statute.

■ We therefore hold that the word "license" as used in A.R.S. § 28–692.02 re-

---

**3.** The offenses set forth in A.R.S. § 28–473(A) are lesser included offenses of a violation of

A.R.S. § 28–692.02. *State v. Gonzales,* 27 Ariz.App. 308, 554 P.2d 904 (1976).

fers to the privilege granted by the State of Arizona to use its public highways. It necessarily follows that only the State of Arizona can revoke, suspend or refuse that privilege.[4]

The trial court properly suppressed evidence that another jurisdiction had revoked the driving privileges of appellees driving in their respective home jurisdictions as being immaterial.

GRANT, J., and RICHARD M. DAVIS, J. Pro Tem., concur.

NOTE: The Honorable RICHARD M. DAVIS, a Judge *pro tempore* of a court of record, has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Arizona Const. art. VI, § 20.

---

**4.** This does not mean that a nonresident driver escapes punishment or the intent of A.R.S. § 28–692.02. If his license is revoked by his home state, he becomes a nonprivileged driver in Arizona and is guilty of a class 3 misdemeanor if he drives in Arizona. *See* A.R.S. § 28–411(D). If he is caught driving while he is intoxicated, he also faces the penalties of A.R.S. § 28–692.01 (*See* footnote 2, *supra*) and if caught twice driving while intoxicated when not privileged to drive in Arizona may be subject to punishment as a class 6 felon under A.R.S. § 28–692.02. (*See* footnote 1, *supra*).