666 P.2d 464

**STATE of Arizona, Appellant,**

v.

**Kurt MITCHELL, Appellee.**

**STATE of Arizona, Appellant,**

v.

**Richard Thomas WILLIAMS, Appellee.**

**No. 5813–PR.**

Supreme Court of Arizona,
En Banc.

June 14, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Asst. Atty. Gen., Phoenix, and David S. Ellsworth, Yuma County Atty. by Tim Holtzen and Suzanne Laursen, Deputy County Attys., Yuma, for appellant.

Paul Hunter, Yuma, for appellee.

Thomas E. Collins, Maricopa County Atty. by Jerry G. Landau, Deputy County Atty., Phoenix, for amicus curiae.

HAYS, Justice.

We have jurisdiction of this matter pursuant to A.R.S. § 12–120.24 and 17 A.R.S. Rules of Criminal Procedure, rule 31.19. The court granted the state's consolidated petitions for review on March 29, 1983.

The issue before us in this case, as it was in the Court of Appeals, is whether A.R.S. § 28–692.02[1] applies to persons whose out-of-state licenses have been suspended, revoked or refused by their home states. We granted review in this case so that we could make a determination of the correct interpretation to be placed on the statute. The need for us to consider the question arises because of a difference in resolution of this question by the two divisions of our Court of Appeals. The factual and procedural posture of this case is de-

---

1. A.R.S. § 28–692.02 provided:

"A person whose operator's or chauffeur's license is suspended, revoked or refused and who commits the offense of driving a vehicle while under the influence of intoxicating liquor or drugs during the period of such suspension, revocation or refusal, or a person who has never applied for or obtained an operator's or chauffeur's license who commits a second of-

fense of driving while under the influence of intoxicating liquor or drugs, is guilty of a class 6 felony." Laws 1978, ch. 201, § 469.

The DWI statutes were extensively amended by the 35th Legislature, Chapter 234, Second Regular Session, in 1982. All references in this opinion are to the statutes as they existed in 1981.

tailed in the opinion of Division One, *State v. Mitchell*, 136 Ariz. 386, 666 P.2d 486 (1982), in which the court held that evidence of a suspension, revocation or refusal of an out-of-state license by the issuing foreign state was inadmissible in the trial on a charge of violating A.R.S. § 28–692.02 by committing DWI on a suspended license. The *Mitchell* court held that "license" in § 28–692.02 means an Arizona license and, accordingly, evidence of action by a sister state against a license issued by it is inadmissible because it is irrelevant.

Already pending before us on petition for review, when the state's petition herein was granted, was *State v. Geschwind*, 136 Ariz. 360, 666 P.2d 460 (1983) wherein we had agreed to review an appeal decided by Division Two. In the *Geschwind* case, resolved on a different issue, the Court of Appeals held that evidence of California's suspension of the appellant's California driver's license was properly admitted at his trial for felony DWI committed on a suspended license. That holding necessarily implies that A.R.S. § 28–692.02 applies to persons whose out-of-state licenses have been suspended, revoked or refused by their home states. Since this view of the reach of § 28–692.02 is directly opposed to Division One's holding in its *Mitchell* opinion, our primary purpose here is to announce the single proper definition of the ambit of the prohibition of DWI on a suspended license contained in A.R.S. § 28–692.02.

Division One's opinion in *Mitchell* is carefully reasoned and squarely confronts this issue. We believe that court reached a proper result which is based on a sound interpretation of the related provisions of Title 28, A.R.S. Accordingly, we affirm the result reached in this case by Division One and we approve their opinion as a correct statement of the law.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.