666 P.2d 460

**STATE of Arizona, Appellee,**

v.

**Jerome Mason GESCHWIND, Appellant.**

**No. 5760–PR.**

Supreme Court of Arizona,
En Banc.

June 14, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Dwight P. Callahan, Casa Grande, for appellant.

HAYS, Justice.

On November 6, 1981 appellant was arrested in Pinal County and charged with driving while under the influence of intoxicating liquor or drugs (DWI). On November 10, 1981 the Pinal County Grand Jury returned an indictment charging Geschwind with felony DWI, having ascertained that the November 6, 1981 incident occurred while appellant was driving on a license that had been issued and later suspended by the state of California. Further investigation revealed that Geschwind previously had been convicted, in Arizona, of DWI and that he had never applied for or obtained an operator's license. Accordingly, the Pinal County Grand Jury returned a second indictment, on January 20, 1982, charging

appellant with felony DWI by having committed DWI after his first Arizona conviction (which occurred on February 7, 1980), but never having applied for or obtained an operator's license. Both felony charges arose out of the November 6, 1981 arrest, and were consolidated for trial in the Pinal County Superior Court.

The jury returned guilty verdicts as to both charges, as consolidated. A single consolidated judgment, sentence and commitment found appellant guilty of both charges of felony DWI, and committed him to concurrent sentences of 3 years imprisonment for each class 6 felony. The maximum sentences were imposed under A.R.S. § 13–604 because the state proved one prior felony conviction. The Court of Appeals reversed Geschwind's convictions on both counts, holding that appellant was entitled to a bifurcated trial. *State v. Geschwind,* 136 Ariz. 380, 666 P.2d 480 (App.1982). We disagree and, accordingly, vacate the opinion of the Court of Appeals insofar as it is inconsistent with our own. We have jurisdiction of this matter under A.R.S. § 12–120.24 and 17 A.R.S. Rules of Criminal Procedure, rule 31.19.

We consider two issues in this appeal:
1. Whether evidence of the accused's previous conviction of DWI is admissible in the state's case in chief as an element of a felonious second offense under A.R.S. § 28–692.02.[1]
2. Whether A.R.S. § 28–692.02 applies to persons whose out-of-state licenses have been suspended, revoked or refused by their home state.

## I. EVIDENCE OF PREVIOUS CONVICTION OF DWI

Appellant has contended, in the Court of Appeals, that the trial court erred when it

---

1. On November 6, 1981, A.R.S. § 28–692.02 provided:

"A person whose operator's or chauffeur's license is suspended, revoked or refused and who commits the offense of driving a vehicle while under the influence of intoxicating liquor or drugs during the period of such suspension, revocation or refusal, or a person who has never applied for or obtained an operator's or

chauffeur's license who commits a second offense of driving while under the influence of intoxicating liquor or drugs, is guilty of a class 6 felony." Laws 1978, ch. 201, § 469.

The DWI statutes were extensively amended by the 35th Legislature in 1982. Laws 1982, ch. 234, § 9. All references in this opinion are to the statutes as they existed in November, 1981.

refused to bifurcate his trial. He argued that proof of his prior Arizona DWI conviction should have been permitted only if the jury found him guilty of a DWI committed while never having applied for or obtained an operator's or a chauffeur's license. He asserted that he was entitled to this procedure under 17 A.R.S. Rules of Criminal Procedure, rule 19.1(b).[2]

In opposing this argument, appellee has contended that the prosecution of this particular charge is squarely within the express exception contained in the first sentence of rule 19.1(b), for cases in which the prior conviction is an element of the crime charged. We agree with this view of the crime of a felonious second DWI offense, as created by the legislature's enactment of A.R.S. § 28–692.02.

■ "Elements of crime" has been defined as "[t]hose constituent parts of a crime which must be proved by the prosecution to sustain a conviction." Black's Law Dictionary 467 (5th ed. 1979). The plain wording of A.R.S. § 28–692.02 establishes, in our view, that the circumstance of a prior conviction for DWI is an element of the felony created by the statute. In addition, counsel argued, in effect, that the prior conviction was an element when he urged in the trial court that his client could not be convicted unless the previous offense were proved.

■ Our characterization of the prior conviction as an element of the crime rather than a mere sentencing consideration settles the question of appellant's entitlement to a bifurcated trial. The procedure used in the trial court, as to proof of the prior DWI conviction, was proper under 17 A.R.S. Rules of Criminal Procedure, rule 19, because proof of the prior conviction was part of the state's burden of proving all the elements of the crime charged. Accordingly, we find no error.

Appellant's position is that the order of proof followed in the trial court prejudiced him by allowing proof of other crimes in derogation of the proscriptions of 17A A.R.S. Rules of Evidence, rule 404, and *Dorsey v. State,* 25 Ariz. 139, 143, 213 P. 1011, 1012 (1923). This court recently considered a similar argument and rejected it for the same reasons that we adopt in this case.

■ The time-honored rule forbidding proof of other crimes separate and distinct from the instant charge was invoked in *State v. Greenawalt,* 128 Ariz. 150, 624 P.2d 828 (1981). There, the appellant contended that evidence of his escape from the Arizona State Prison was inadmissible at his trial on a charge of first degree murder. At that time, our criminal code defined first degree murder as an intentional killing which, *inter alia,* "... is committed in avoiding or preventing lawful arrest or effecting an escape from legal custody...." *Id.* at 165, 624 P.2d 844. We held, in that case, that evidence of the escape was relevant and admissible at the murder trial because it was not evidence of a separate and distinct act but, instead, it was probative of an element of the crime charged. The same analysis applied to this case leads us to agree with the state's position in this matter. Arizona Revised Statutes § 28–692.02 creates the crime of felonious DWI and sets out two ways in which it can be committed. If the incident occurs while a driver's Arizona license is suspended, revoked or refused, the intoxicated driver has committed felony DWI. Likewise, if the incident occurs when a driver has already been convicted of a previous DWI offense and he (or she) has not yet applied for or

2. 19.1(b). **Proceedings When Defendant is Charged With Prior Convictions.** In all prosecutions in which a prior conviction is alleged, unless such conviction is an element of the crime charged, the procedure shall be as follows:

(1) The trial shall proceed initially as though the offense charged were a first offense. When the indictment, information or complaint is read all reference to prior offenses shall be omitted. During the trial of the case no instructions shall be given, reference made, nor evidence received concerning prior offenses, except as permitted by the rules of evidence.

(2) If the verdict is guilty, the issue of the prior conviction shall then be tried, unless the defendant has admitted the prior conviction.

obtained a license when the second incident occurs, then the intoxicated driver also has committed felony DWI. In a trial on the charge of felony DWI by the second manner of commission, evidence of a previous DWI conviction is relevant and material to prove an element of the crime; that is, the existence of the underlying crime or conduct included by the legislature as an element of the crime charged. In such a situation, evidence of the underlying crime or specified conduct cannot be precluded as irrelevant or unfairly prejudicial. That is, as we have said in the past, because "... the underlying criminal activity is not distinct and independent; rather, it is an integral part of the crime with which appellant was charged." *State v. Greenawalt, supra,* 128 Ariz. at 166, 624 P.2d at 844.

## II. EVIDENCE OF SUSPENSION OF OUT–OF–STATE LICENSE BY ISSUING STATE

■ Appellant has also argued in his brief that the proof of suspension of his California license, by the state of California, was erroneously admitted into evidence at his trial. His argument is to the effect that the certified documentary evidence was not properly authenticated as a record of his California license. He urged, further, that the document itself was too ambiguous to reliably establish those propositions it was offered to prove. The Court of Appeals resolved these issues against appellant, and we agree with their analysis and disposition of them.

■ However, the Court of Appeals also held that the driving record was competent evidence to show that appellant's license was suspended, an element of one of the felony DWI charges. That ruling is premised upon the legal assumption that A.R.S. § 28–692.02 applies to a driver whose out-of-state license has been suspended by the issuing state. Division Two, in adopting that premise, gave a construction to the statute that is in direct conflict with a recent opinion of Division One. *State v. Mitchell,* 136 Ariz. 386, 666 P.2d 486 (1982). Today we filed our opinion on petition for review in *Mitchell. State v. Mitchell,* 136 Ariz. 364, 666 P.2d 464. In that case we hold that Division One announced the correct construction of A.R.S. § 28–692.02 in its *Mitchell* opinion. Since we believe this issue controls one of Geschwind's convictions and the rule in *Mitchell* settles the question, it is discussed only briefly here.

The *Mitchell* case holds that A.R.S. § 28–692.02 is inapplicable to persons whose out-of-state licenses have been suspended, revoked or refused. For that reason, Division One held that the Superior Court in Yuma County had properly suppressed evidence that Wisconsin had revoked Mitchell's Wisconsin driver's license. Division One analyzed the statute and concluded that the word "license," as used in § 28–692.02, means the privilege to drive on Arizona's public roads and that the privilege can only be granted, suspended, revoked, or refused by the state of Arizona. This definition makes it obvious that evidence of the home state's treatment of the out-of-state license of an Arizona defendant is inadmissible in a trial for felony DWI—suspended license—because it is irrelevant evidence. Accordingly, we reverse appellant's conviction for felony DWI on a suspended license because the state failed to prove the element of an Arizona suspension of appellant's Arizona privilege to drive in this state.

Conviction and sentence for felony DWI—second offense without license affirmed. Conviction and sentence for felony DWI—suspended license reversed.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.