692 P.2d 316

**STATE of Arizona, Appellant,**

**v.**

**John Michael KOZLOWSKI, Appellee.**

**No. 1 CA-CR 7542.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 27, 1984.

[redacted]

[redacted]

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div., Asst. Atty. Gen., Phoenix, and Charles R. Hastings, Yavapai County Atty. by Thomas B. Lindberg, Deputy County Atty., Prescott, for appellant.

Robert M. Brutinel, Prescott, for appellee.

OPINION

OGG, Judge.

The sole issue presented in this appeal is whether A.R.S. § 28–692.02[1] applies to a

1. A.R.S. § 28–692.02 states:
A. A person whose operator's or chauffeur's license is suspended, cancelled, revoked or refused and who commits an offense in

person whose out-of-state license has been suspended, cancelled or revoked by the issuing state.

On August 3, 1983, the appellee, John Michael Kozlowski, was arrested and charged with driving while under the influence of intoxicating liquor while his driver's license was revoked. Prior to trial, Kozlowski filed a motion *in limine* seeking to suppress the State's evidence of the revocation of his Michigan driver's license by the State of Michigan. The trial court granted the motion to suppress. The State subsequently moved to dismiss the complaint without prejudice pursuant to *State v. Million*, 120 Ariz. 10, 583 P.2d 897 (1978); this appeal of the suppression order followed, pursuant to A.R.S. § 13–4032(7).

The Arizona Legislature, in the 1983 First Regular Session, passed House Bill 2351. This bill contained several provisions, including an amendment to A.R.S. § 28–602 which provided a new definition of the term "license".

As amended, A.R.S. § 28–602 provides, in part:

> In this chapter, unless the context otherwise requires:
>
> .    .    .    .    .
>
> 8. "License" means any license, temporary instruction permit or temporary license issued under the laws of this state *or any other state* pertaining to the licensing of persons to operate motor vehicles. (Emphasis added.)

Laws 1983, ch. 279, § 4. The effective date of this amendment was July 27, 1983. Kozlowski allegedly committed the offense in the present case on August 3, 1983; therefore, the amended provisions of A.R.S. § 28–602 are applicable.

Prior to the amendment of A.R.S. § 28–602, this court determined a similar situation involving A.R.S. § 28–692.02 in *State v. Mitchell*, 136 Ariz. 386, 666 P.2d 486 (App.1982). The Arizona Supreme Court subsequently affirmed this court's decision in *Mitchell* (*State v. Mitchell*, 136 Ariz. 364, 666 P.2d 464 (1983)), and announced that the correct construction of A.R.S. § 28–692.02 was properly set forth in that opinion. In *Mitchell*, the definition of the term "license" as used in the statute was interpreted to mean the privilege granted by the State of Arizona to drive an automobile on its public highways. Kozlowski contends that this court should apply the *Mitchell* definition of "license" to the present case. We disagree with Kozlowski's argument.

There is a strong presumption that legislatures do not create statutes containing provisions which are redundant, void, inert and trivial. *O'Hara v. Superior Ct. of Ariz.*, 138 Ariz. 247, 674 P.2d 310 (1983); *State v. Edwards*, 103 Ariz. 487, 446 P.2d 1 (1968). Furthermore, it is presumed when a legislature alters the language of a statute that it intended to create a change in the existing law. *State v. Sanchez*, 128 Ariz. 547, 627 P.2d 698 (1980), *vacated on other grounds*, 128 Ariz. 525, 627 P.2d 676 (1981); *McCloe v. Utah Home Fire Insurance Company*, 121 Ariz. 402, 590 P.2d 941 (App.1978).

The amended language of A.R.S. § 28–602 clearly applies to A.R.S. § 28–692.02 and requires this court to now hold that the term "license" includes those licenses issued under the laws of the State of Arizona or any other jurisdiction.

Our conclusion is further supported by the recent Arizona Supreme Court decision

---

violation of § 28–692 during the period of such suspension, cancellation, revocation or refusal, or a person who has never applied for or obtained such license after suspension, cancellation, refusal or revocation pursuant to § 28–691 or § 28–692.01, who commits a second offense in violation of § 28–692, is guilty of a class 5 felony and shall be sentenced to serve not less than six months in prison. A judge shall not grant probation, pardon, parole, commutation or suspension of sentence or release on any other basis, except upon the condition that the person serve not less than six months in prison.

B. The suspension, cancellation, revocation or refusal of an operator's or chauffeur's license is effective as provided in § 28–446.

in *O'Hara, supra.* In a footnote, the court indicated that because of the amendment of A.R.S. § 28–602, the felony statute pertaining to driving while intoxicated presently applies to out-of-state licenses. *Id.* at 251, n. 6, 674 P.2d 310.

■ We therefore hold that the trial court erred by suppressing the evidence of Kozlowski's suspended Michigan driver's license. A.R.S. § 28–692.02 thus applies to persons whose out-of-state licenses have been suspended, cancelled or revoked by the issuing state, and evidence of such suspension, cancellation or revocation is relevant and admissible in a trial on the issue of guilt.

Accordingly, we reverse the trial court's order granting Kozlowski's motion *in limine* and remand for further proceedings in superior court.

EUBANK, P.J., and JACOBSON, C.J., concur.