THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BRIAN W. EBERHARDT, Defendant-Appellant.

Third District   No. 3—84—0827

Opinion filed November 20, 1985.

Robert Agostinelli and Stephen Omolecki, both of State Appellate Defender's Office, of Ottawa, for appellant.

John X. Breslin and Raymond L. Beck, both of State's Attorneys Appellate Service Commission, of Ottawa, for the People.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

Defendant is a resident of Texas. He had once resided in Illinois, but moved to Texas in 1982. Thereafter, he allowed his Illinois license to expire and acquired a Texas driver's license in its place. While visiting Illinois in 1984, he was convicted of driving under the influence of alcohol. He was duly notified that his Illinois driver's license, which had expired in 1982, was revoked under section 6—205 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 6—205). However, he still possessed a valid Texas license. The record indicates that the Secretary of State did not comply with section 6—202(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 6—202(c)) by failing to report defendant's conviction to the Texas authorities.

The instant case arose when defendant, on a later visit to Illinois,

was arrested for driving while license revoked (Ill. Rev. Stat. 1983, ch. 95½, par. 6—303). The trial court entered a conviction and sentenced defendant to seven days' imprisonment.

Defendant's argument on appeal is straightforward. A necessary element of his conviction was an actual revocation. Because the State of Illinois did not comply with the mandatory notification requirements of section 6—202(c), a valid revocation did not occur.

Section 6—202(c) reads as follows:

"When a nonresident's operation privilege is suspended or revoked, the Secretary of State *shall* forward a certified copy of such action to the motor vehicle administrator in the State where such person resides."

Our resolution of the case requires more than an analysis of 6—202(c). The State has tried to characterize what occurred here as a revocation of a nonresident's Illinois driving privileges under section 6—303. If that were the only event of significance here, we would tend to agree that 6—202(c) could not save defendant. But there is more here than meets the eye.

The starting point is the charging instrument, which in this case is the traffic ticket. The ticket reflects information concerning the expired Illinois license only. Defendant was charged with "Driving while *license* revoked." Turning to the notice of revocation, defendant was informed that his license, permit or privilege was revoked pursuant to section 6—205(a)(2) of the Illinois Vehicle Code. Section 6—205, however, only authorizes revocation of licenses or permits, not privileges. Thus, the relevant documents and statutes show only an intention to revoke defendant's expired Illinois license and to prosecute based on driving while this license was revoked.

Lurking in the background is the small matter of defendant's Texas license. Sometime following receipt of the revocation notice, defendant inquired of the Texas authorities concerning the status of his Texas license. To their knowledge it was valid. This is where the State's version of the case is thoroughly impeached. Had Illinois been interested in revoking defendant's Illinois driving privilege, it would have followed through and informed Texas of the revocation. It is apparent from all of the relevant data that this was not what the State did. All it did was to revoke the previously expired Illinois license. Because neither the Texas license nor defendant's privilege thereunder to drive as a nonresident in Illinois (Ill. Rev. Stat. 1983, ch. 95½, par. 6—102(2)) were affected by the revocation of the previously expired Illinois license, defendant had a perfect right to drive in Illinois.

To dispense with a loophole, it is true that defendant was techni-

cally convictable because the expired license was validly revoked and defendant was operating a motor vehicle on the Illinois highways. (*People v. Johnson* (1983), 115 Ill. App. 3d 987, 451 N.E.2d 28.) However, it is apparent that the right to drive as a nonresident is inherently at odds with the technical elements of driving while license revoked. This is where the notification requirement of 6—202(c) becomes critical. The State knew at all times relevant to this case that defendant had a valid Texas license. By failing to either properly take action against defendant's nonresident driving privilege or to notify Texas of defendant's conviction, the State invited the defendant's conduct and abandoned any right to claim that he could not operate as a nonresident under a valid foreign license. Accordingly, defendant's conviction for driving while license revoked is reversed.

Reversed.

BARRY and WOMBACHER, JJ., concur.