**STICKLEY et, Appellants-Appellees, v. BOARD OF LIQUOR CONTROL et, Appellees-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 5235. Decided June 18, 1956.

James W. Williamson, Wauseon, Robert N. Gorman, Cincinnati, Hugh Jenkins, Leonard J. Stern, Isadore Topper, Columbus, for appellants-appellees.

C. William O'Neill, Atty. Genl., Kiehner Johnson, Robert Krupansky, Asst. Attys. Genl., Columbus, for appellees-appellants.

224

**OPINION**

By THE COURT.

This is an appeal from an order of the Common Pleas Court reversing an order of the Board of Liquor Control suspending appellees' liquor permits.

We have held this case for opinion until after the decision of the Supreme Court in **Westerhaus Company, Inc., v. City of Cincinnati, 165 Oh St 327.** The decision in the Westerhaus case is dispositive of the three principal assignments of error on this appeal and requires us to hold with the appellant Board on all three of the issues presented and argued in its brief.

They are:

I. Does the Board of Liquor Control have authority to enact a regulation, Regulation 53, prohibiting gambling in and upon premises of any retail business authorized under permits issued pursuant to the Liquor Control Act, and upon a violation of the same revoke or suspend such permits.

II. Is the pinball machine, and similarly constructed and operated mechanisms, a mechanical device within the meaning and contemplation of §2915.16 R. C., the use of which upon a permit premises is a violation of Regulation 53.

III. Is this pinball machine, and similarly constructed and operated machines, a device or apparatus within the meaning and contemplation of Regulation No. 53 of the Board of Liquor Control, which can or may be used for gambling or wagering.

Upon the assignment that the trial judge erred in refusing to admit the testimony of Professor E. E. Kimberly, although probably not essential to proof of appellant's charge, we also hold with appellant. The testimony was probative that the result of the operation of the pinball machines of appellees was determined principally by chance.

On the claim of the appellant that appellees waived the right to object to this testimony, because not urged before the Board on the appeal from the department, we hold against the appellant board. The appeal to the Common Pleas Court was on law and fact and therefore, the trial proceeded de novo. **Andrews, Jr., et al., v. Board of Liquor Control, 164 Oh St 275.**

The judgment will be reversed and cause remanded.

MILLER. PJ, HORNBECK, J, concur.
WISEMAN, J, not participating.