

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
.iouston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

February 23, 1984

Mr. David A. Ivie
Executive Director
Structural Pest Control Board
1300 East Anderson Lane
Building C, Suite 250
Austin, Texas    78752

Opinion No.  JM-131

Re:   Use  of  electrical  or
ultrasonic devices to kill or
repel termites

Dear Mr. Ivie:

Your letter to us states:

The  Structural  Pest  Control  Board  regulates
pest  control  operators  under  the  authority  of
article 135b-6, Texas Civil Statutes.   Although
the  majority  of  work  performed  by  commercial
operators requires the use of chemical pesticides,
[recently]  developments  have  resulted  in  some
companies making attempts to control various pests
using electronic or ultrasonic devices.   There has
been   considerable   discussion   concerning   the
authority of the Structural Pest Control Board to
regulate users of these instruments.   The board
has asked me to request an official opinion from
your office in answer to the following questions:

1.  Does an electrical apparatus which directs
an electric current across wood for the purpose of
killing infestations of termites and other pests
constitute a 'device' as that term is defined in
article 135b-6, section 2(b)(8), and as used in
[section 2(a)(3)]?

2.  Is  a  person  who  commercially  uses  an
electrical or ultrasonic apparatus for killing or
repelling infestations of termites and other pests
'engaged  in  the  business  of  structural  pest
control'  as defined in article 135b-6, section
2(a)?

Section  2(b)(8)  of  the  Structural  Pest  Control  Act,  article
135b-6, V.T.C.S., defines "device" as

an instrument or contrivance, except a firearm, that is designed for trapping, destroying, repelling, or mitigating the effects of a pest or another form of plant or animal life, other than human beings or bacteria, viruses, or other microorganisms that live on or in human beings or animals. The term does not include any equipment used for the application of pesticides if the equipment is sold separately from a device as defined in this subdivision.

The term is similarly defined by section 76.001(6) of the Texas Agriculture Code. (Chapter 76 of the code deals with pesticide regulations.)

We first conclude that an electrical apparatus that directs an electrical current across wood for the purpose of killing termites is clearly a "device" within the meaning of the first sentence in section 2(b)(8). Such an apparatus certainly constitutes "an instrument or contrivance," and it is "designed for trapping, destroying, repelling, or mitigating the effects of a pest." The next issue is whether the second sentence of section 2(b)(8), which attempts to create some kind of exception to the first sentence, removes such an electrical apparatus from the definition of "device."

The second sentence in section 2(b)(8) is exceedingly ambiguous. One aspect of the second sentence is clear, however, and that is that it attempts to except from the definition of "device" only certain "equipment" used for the application of pesticides. The electrical and ultrasonic devices at issue in this opinion are clearly not used for the application of pesticides. Thus, whatever the exception excepts, it does not except these particular electrical and ultrasonic devices. If these items are "devices" under the first sentence of section 2(b)(8) -- and we conclude that they are -- they are not taken out of this category by the second sentence of this section.

We therefore answer your first question in the affirmative.

In answer to your second question, we note that under the Structural Pest Control Act, a person is not engaged in the business of structural pest control for purposes of the act unless, for compensation, he "engages in, offers to engage in, advertises for, solicits, or performs" any of three particular services. V.T.C.S. art. 135b-6, §2(a). The three are:

(1) identifying infestations or making inspections for the purpose of identifying or attempting to identify infestations of:

(A) arthropods (insects, spiders, mites, ticks, and related pests), wood-infesting organisms, rodents, weeds, nuisance birds, and any other obnoxious or undesirable animals which may infest households, railroad cars, ships, docks, trucks, airplanes, or other structures, or the contents thereof, or

(B) pests or diseases of trees, shrubs, or other plantings in a park or adjacent to a residence, business establishment, industrial plant, institutional building, or street;

(2) making inspection reports, recommendations, estimates, or bids, whether oral or written, with respect to such infestations; or

(3) making contracts, or submitting bids for, or performing services designed to prevent, control, or eliminate such infestations by the use of insecticides, pesticides, rodenticides, fumigants, or allied chemicals or substances or mechanical devices. (Emphasis added).

We believe the answer to your second question turns on whether the electrical or ultrasonic apparatus to which you refer constitutes a "mechanical device." It has been suggested that this is not the case, and that we need not determine whether such an apparatus constitutes a "mechanical device" because the use of devices to prevent, control, or eliminate infestations constitutes "engaging in the business of structural pest control" under the act only if the device is allied with an insecticide, pesticide, rodenticide, or fumigant. In other words, it has been argued that the adjective "allied" in subsection 2(a)(3) modifies "mechanical devices" as well as "chemicals" and perhaps "substances." We disagree, however. In our opinion, the legislature chose the terms "chemicals" and "substances" to make it clear that "insecticides, pesticides, rodenticides, [and] fumigants" was not intended as an exhaustive list. It meant to say, in other words, "insecticides, etc. . . . and similar chemicals or substances." Given this, the word "allied" clearly makes sense as a modifier of both "chemicals" and "substances"; it does not, however, make sense as a modifier of "mechanical devices." Accordingly, we conclude that "mechanical devices" is a separate category, that the term is not modified by the word "allied," and that the dispositive question in this instance involves its meaning. Under subsection 2(a)(3), in other words, a person is engaged in the business of structural pest control if he makes contracts, or submits bids for, or performs services designed to prevent, control or eliminate infestations "by the use of . . . mechanical devices."

The term "mechanical device" is not defined in the act. We must therefore attempt to determine the "ordinary signification" of this term. V.T.C.S. art. 10, §1; Texas Employers' Insurance Association v. Haunschild, 527 S.W.2d 270 (Tex. Civ. App. - Amarillo 1975, writ ref'd n.r.e.). We first note that Black's Law Dictionary, (4th ed.) defines "mechanical" as "[h]aving relation to, or produced or accomplished by, the use of mechanisms or machinery." This definition clearly seems to include electrical or ultrasonic apparatus. We have, moreover, examined cases in which certain items have been held to be "mechanical devices," and we believe that an electrical apparatus that directs an electrical current across wood for the purpose of killing termites and other pests can certainly be a "mechanical device" if those items can be. In State v. Edwards, 446 P.2d 1, 3 (Ariz. 1968), for example, a crowbar, proll pry bar, brace and bit, screwdriver, flashlight, and jimmy bar were held to be within the term "mechanical device or contrivance" as used in an Arizona statute. A plastic telephone directory cover was held to be a "mechanical apparatus or device" within the meaning of the applicable state law in Illinois Bell Telephone Company v. Miner, 136 N.E.2d 1, 9 (Ill. App. 1956), and a "pinball machine, and similarly constructed and operated mechanisms" were held to be within the term "mechanical device" within the meaning of an Ohio statute in Stickley v. Board of Liquor Control, 155 N.E.2d 81, 82 (Ohio App. 1956). If pinball machines, crowbars, screwdrivers, and plastic telephone book covers can constitue "mechanical devices," we believe that the electrical apparatus you describe certainly can as well.

Although they did not explicitly say so, the courts in the cited cases, in our opinion, simply applied the well-known rule of statutory construction that statutes are to be construed with reference to their manifest object, and that if the language is suceptible to two constructions, one of which will carry out and the other defeat the legislative objective, the statute should receive the former construction. Citizens Bank of Bryan v. First State Bank of Hearne, 580 S.W.2d 344, 348 (Tex. 1979). These courts, in other words, took the position that legal hair-splitting should not be used to defeat the manifest purpose of a statute. We believe that we should take the same approach. We believe there is a clear public purpose underlying article 135b-6, and that it was to regulate, in the public interest, people who engage in the business of structural pest control. In our opinion, the statute was clearly intended to embrace items such as an ultrasonic apparatus and an electrical apparatus that directs an electric current across wood for the purpose of killing termites and other pests; we further believe that the cited cases provide ample authority for the proposition that such an apparatus can be a "mechanical device," and that to conclude that such an apparatus is not a "mechanical device" within the meaning of article 135b-6 would be to defeat the very purpose of the statute. We therefore answer your second question in the affirmative.

## S U M M A R Y

An electrical apparatus that directs an electric current across wood for the purpose of killing termites and other pests is a "device" within the meaning of article 135b-6, V.T.C.S., and a person who commercially uses an electrical or ultrasonic apparatus to kill or repel termites or other pests is "engaged in the business of structural pest control" within the meaning of that statute.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Jim Moellinger
Nancy Sutton