[Criminal No. 466.   Filed May 21, 1919.]

[181 Pac. 175.]

### QUEN GUEY, Appellant, v. STATE, Respondent.

1. INDICTMENT AND INFORMATION—PRELIMINARY EXAMINATION—NECES-
   SITY.—Under Constitution, article 2, section 30, before a prosecu-
   tion by information for a felony can be legally had, it must be
   preceded by preliminary examination, or accused must waive such
   examination.

2. INDICTMENT AND INFORMATION—AVERMENT AS TO PRELIMINARY EX-
   AMINATION.—An information for felony need not aver that a pre-
   liminary examination of defendant has been held or been waived
   by defendant, as required by Constitution, article 2, section 30.

3. INDICTMENT AND INFORMATION—PRELIMINARY EXAMINATION—PRE-
   SUMPTIONS.—If defendant, charged by information with felony,

does not avail himself of Penal Code of 1913, section 972, when he is arraigned, by moving to have the information set aside because there was no preliminary examination, the law will presume that a preliminary examination has been duly had or waived.

4. CRIMINAL LAW — AGGRAVATED BATTERY—EVIDENCE OF PRIOR OFFENSE.—In a prosecution for aggravated battery by choking and striking a female, evidence that defendant, about two years before, had assaulted the complaining witness and her sister with a pistol was inadmissible, neither motive, common scheme, identity of person, mistake or accident being involved in the case.

APPEAL from a judgment of the Superior Court of the county of Yavapai. John J. Sweeney, Judge. Reversed.

STATEMENT OF FACTS BY THE COURT.

The county attorney filed an information against the defendant, Quen Guey, in the superior court of Yavapai county, wherein it is charged that the said defendant "did . . . willfully, unlawfully and feloniously commit a battery upon the person of one Minnie Schemer, by choking and striking the said Minnie Schemer, the said Quen Guey then and there being an adult male person, and the said Minnie Schemer being then and there a female person." The trial resulted in a verdict of guilty, and in due time the defendant filed a motion for a new trial, which was overruled, and judgment was pronounced against him. He seeks to review such judgment by this appeal.

Mr. Robert E. Morrison, for Appellant.

Mr. Wiley E. Jones, Attorney General, and Mr. F. L. Haworth, County Attorney, for the State.

BAKER, J. (After Stating the Facts as Above).—The defendant interposed a demurrer to the information on the ground that such information failed to allege that a preliminary examination in the case had been held or that the defendant had waived such examination. The court overruled the demurrer, and this ruling of the court is assigned as error.

The Constitution of the state provides:

"No person shall be prosecuted criminally in any court of record for felony or misdemeanor, otherwise than by infor-

mation or indictment; no person shall be prosecuted for felony by information without having had a preliminary examination before a magistrate or having waived such preliminary examination." Section 30, art. 2 (Declaration of Rights), Const. Ariz.

Counsel for the defendant has argued, at great length and with much force and ability, that under the constitutional provision quoted the trial court acquires no jurisdiction of a felony charge prosecuted by information, unless the accused has had a preliminary examination, or has waived such examination, and that the information must allege one or the other. We very willingly concede that counsel is correct to the extent that, before a prosecution by information for a felony can be legally had in this state, it must be preceded by a preliminary examination, or the accused must have waived such examination. It is the fact that there was a preliminary examination or waiver thereof, and a judicial determination thereon by the examining magistrate that a felony has been committed, and that there is probable cause to believe that the accused is guilty thereof, that confers jurisdiction on the superior court, and authorizes the county attorney to file an information in said court charging the crime committed according to the facts in evidence on such examination, or for the offense in the preliminary information when such examination has been waived by the accused. It seems to have been the intention of the framers of the Constitution, in prescribing the necessity of a preliminary examination or its waiver, before filing an information, to afford a shield to the citizen against the unwarranted zeal of prosecuting officers, and lessen the danger of the institution of criminal proceedings against a citizen through mere personal spite or malevolence. But why should it be necessary to aver in the information that such preliminary examination in the case had been held or had been waived by the accused? The constitutional provision does not in terms require, nor does it intimate, that the information should contain any such averment. The examination required by the provision is certainly no part of the offense charged nor is it descriptive thereof. Such an averment cannot be said to be necessary for the information of the court as to its jurisdiction over the case, and, so far as it is a shield to the accused, he may

avail himself of it by a proper plea in abatement or motion to quash the information.

The Penal Code (section 972) provides:

"The indictment or information must be set aside by the court in which the defendant is arraigned, upon his motion, in either of the following cases. . . . If it be an information: (1) That before the filing thereof the defendant has not been legally committed by a magistrate, except in cases where such commitment is not required by law."

The accused is required to avail himself of this procedure at the time he is arraigned, and, if no such step is taken upon his part, the law will presume that a preliminary examination has been duly held or waived. *Williams* v. *State*, 6 Okl. Cr. 373, 118 Pac. 1006; *Canard* v. *State*, 2 Okl. Cr. 505, 139 Am. St. Rep. 949, 103 Pac. 738, 881.

The question has been before this court once before, in the case of *Mo Yaen* v. *State*, 18 Ariz. 491, L. R. A. 1917D, 1014, 163 Pac. 135, in which case the court said:

"If this is such a case as the law requires a preliminary examination to be had before a magistrate prior to the filing of an information, the failure to make such examination is not a ground for demurrer, but is a ground for a motion to quash the proceedings and abate the action. If the examination was or was not a necessary step in the proceedings, certainly such step need not be alleged on the face of the information."

The Constitution of Oklahoma, section 17 (Bill of Rights), prescribes:

"No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination."

The supreme court of that state has considered this provision of the Constitution in several cases, and has uniformly held that it is not necessary to allege in the information whether the accused has had a preliminary examination or has waived such examination. *Canard* v. *State, supra; Williams* v. *State, supra; Wood* v. *State*, 3 Okl. Cr. 553, 107 Pac. 937; *Caples* v. *State*, 3 Okl. Cr. 72, 26 L. R. A. (N. S.) 1033, 104 Pac. 493.

The Constitution of the state of Delaware (article 5, section 8) provides:

"Prosecutions by informations shall only be had after examination and commitment and holding to bail by the judge or justice of the peace."

The supreme court of that state, in considering this provision of the Constitution, in the case of *State* v. *Moore,* 2 Penne. (Del.) 299, 46 Atl. 669, said:

"It is not necessary, in order to give the court jurisdiction, to aver in the information an examination and commitment or holding to bail of the defendant. It is a matter of defense, and defendant may avail himself of the failure to proceed by examination and commitment or holding to bail, by plea in abatement."

To use a threadbare expression, the case is on "all-fours" with the case at bar.

The Constitution of Idaho (article 1, section 8) provides:

"No person shall be held to answer for any felony or criminal offense of any grade, unless upon presentment or indictment of a grand jury or on information of a public prosecutor, after commitment by a magistrate."

The statute of the state (Rev. Codes, section 7662) provides:

"No information shall be filed against any person for any offense until such person shall have had a preliminary examination therefor, as provided by law, before a justice of the peace, or other examining magistrate or officer, unless such person shall waive his right to such examination."

The supreme court of that state, in the case of *State* v. *Farris,* 5 Idaho, 666, 51 Pac. 772, said:

"There is nothing in either the Constitution or the statutes which, directly or by implication, requires that the fact of there having been a preliminary examination should be set forth in the information."

The court seemed, however, to believe it to be the better practice that the information should aver the fact that there had been such examination, or that the defendant had waived the same.

In several of the states, the requirement that a preliminary examination shall be held, or that it must be waived, before the filing of an information against the accused, is found in the statutes, and the courts of these states, in considering such

statutory provisions, have uniformly held that it is not neces-
sary to allege in the information the fact that such examina-
tion had been held, or that it had been waived by the accused.
*State* v. *Anderson,* 5 Wash. 350, 31 Pac. 969; *Washburn* v.
*People,* 10 Mich. 372; *People* v. *John Shubrick,* 57 Cal. 565;
*State* v. *Barnett,* 3 Kan. 250, 87 Am. Dec. 471.

The next assignment of error is based upon the ruling of the
court allowing the prosecution to prove that the defendant
upon another occasion, about two years prior to the time at
which it is alleged that the crime (aggravated battery) in the
information was committed, assaulted the complaining witness
and her sister with a deadly weapon, to wit, a pistol. The
defendant objected to the introduction of this testimony. It
was error to admit the evidence.

In Gillett on Incidental and Collateral Crimes, page 79, the
author says:

"Collateral crimes may be shown where they tend to show
malice, guilty knowledge, intent, motive, or the like, if such
element enters into the offense."

The general rule is that one criminal case cannot be made
out by proving another of like character, and the case in hand
is not within any of the exceptions to the general rule.
Neither motive, common scheme, identity of person, mistake
or accident is involved in the case. There is no evidence of
any character showing any connection between the two as-
saults or any relationship between them. The evidence con-
cerning the prior assault sheds no light upon the transaction
charged in the information, and it was calculated to excite
the prejudices of the jury. It was a different transaction,
and in no way connected with the one for which the accused
was being tried. That a person has committed one crime has
no direct tendency to show he has committed another similar
crime, which had no connection with the first, and a person
charged with one offense cannot be expected to come to court
prepared to meet the charge of another. If the doing of one
wrongful act shall be deemed evidence to prove the doing of
another of a similar character, which has no connection with
the first, issues would be multiplied indefinitely, without
previous notice to the defendant, and greatly to the dis-
traction of the jury.

"The general rule is that when a man is put upon trial
for one offense, he is to be convicted, if at all, by evidence

which shows that he is guilty of that offense alone, and that, under ordinary circumstances, proof of his guilt of one or a score of other offenses in his lifetime is wholly excluded.'' *People* v. *Sharpe,* 107 N. Y. 427, 1 Am. St. Rep. 851, 14 N. E. 319.

There is no doubt in my mind of the prejudicial effect of the testimony touching the prior assault. I am not prepared to say that the evidence does not support the verdict, yet, after an examination of the record, I am satisfied the case is not one where it may fairly be said that the jury would have returned a verdict of guilty, in the absence of such improper testimony, and I do not think that section 22, article 6, of the state Constitution, warrants an affirmance of the judgment:

''No cause shall be reversed for technical error in pleading or proceedings when upon the whole case it shall appear that substantial justice has been done.''

Counsel for the defendant has assigned other errors, based upon the failure of the court to instruct the jury to the effect that before considering the evidence of the prior assault, they must be convinced beyond a reasonable doubt that the defendant was guilty of the offense charged in the information, and also upon the misconduct of the county attorney in his argument to the jury, referring to facts which had not been offered or received in evidence, but, since the same matters are not likely to arise upon a second trial, I do not find it necessary to discuss them.

For the error of admitting evidence of the prior assault the case is reversed and a new trial ordered.

CUNNINGHAM, C. J., and ROSS, J., concur.