**Ray Martin GRAVES, Appellant,**

v.

**Frank A. EYMAN, Warden, Arizona State Prison, Appellee.**

**No. 20935.**

United States Court of Appeals
Ninth Circuit.

Feb. 14, 1967.

Rehearing Denied March 17, 1967.

---

Ray Martin Graves, in pro. per.

Darrell F. Smith, Atty. Gen. of Ariz., James S. Tegart, Asst. Atty. Gen., Phoenix, Ariz., for appellee.

Before POPE, MERRILL and DUNIWAY, Circuit Judges.

PER CURIAM.

The appellant filed a petition for a writ of habeas corpus in the court below seek-

ing such a writ against the appellee as Warden of the Arizona State Prison. Appellant is a prisoner in the custody of Warden Eyman pursuant to a sentence imposed upon him after a verdict of guilty of the crime of murder in the second degree returned by a jury in the Superior Court of Yuma County, Arizona.

In his petition for the writ of habeas corpus the appellant alleged that in the course of his prosecution in the Arizona courts he was deprived of his right to counsel during the period when he was being interrogated prior to his prosecution and arraignment; that he was denied a preliminary hearing prior to the filing of an information against him in the Superior Court of Arizona, and that he was denied a delayed appeal by the Arizona Supreme Court.

The district court to whom this petition for the writ of habeas corpus was presented denied and dismissed the same and this appeal followed.

■ We are unable to discover in this record any basis for the issuance of a writ of habeas corpus. The denial of a delayed appeal by the Arizona Supreme Court does not amount to a denial of any federal right of the appellant. Whether such delayed appeal should be granted under Arizona law is a matter exclusively within the discretion of the Arizona court.

■ The claim that the appellant was entitled to a preliminary hearing prior to his prosecution in the Superior Court is based upon a misunderstanding of the Arizona law. We know of no federal rule which requires a state to give a person accused of crime a preliminary hearing. The Arizona Constitution, Article II, Sec. 30, A.R.S., provides that "[N]o person shall be prosecuted for felony by information without having had a preliminary examination before a mag-

istrate or having waived such preliminary examination." With respect thereto Rule 79 of the Rules of Criminal Procedure of that State (17 A.R.S.) provides: "No information may be filed against any person for any offense which may be punished by death or imprisonment in the state prison until such person has or waives a preliminary examination. The fact that a preliminary examination was neither had nor waived shall in no case invalidate any information in any court unless the defendant objects to such information because of such fact before pleading to the merits." See State v. Graninger, 96 Ariz. 172, 393 P.2d 266, 267, and Quen Guey v. State, 20 Ariz. 363, 181 P. 175.

This means simply that while appellant might have had a preliminary hearing had he asked for it at the time he was required to do so under the above quoted rule, yet since his petition fails to show any compliance with that rule it cannot be said in this case that this petitioner has been denied the equal protection of the law of the State of Arizona. In fact, so far as the showing here is concerned, this appellant has not been denied any rights guaranteed to all accused persons under the Arizona statute.

■ As a matter of fact counsel was appointed to act for and represent the appellant at all stages of the prosecution against him in the Superior Court. Graves was convicted in 1948. Consequently, recent decisions of the Supreme Court indicating that a party may have a constitutional right to counsel at an earlier stage in the proceedings are not applicable. Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

The district court properly denied the writ of habeas corpus and dismissed the petition, and the judgment of the district court is affirmed.