831 P.2d 844

STATE of Arizona, ex rel. Richard M. ROMLEY, Maricopa County Attorney, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable B. Michael Dann, a judge thereof, Respondent Judge,

Dean Henry BEGODY and Fidel Jimenez Borunda, Real Parties in Interest.

Nos. 1 CA–SA 91–286, 1 CA–SA 91–287.

Court of Appeals of Arizona, Division 1, Department D.

Jan. 23, 1992.

Review Denied July 7, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and Richard M. Romley, Maricopa County Atty. by Jessica Gifford Funkhouser and Mark K. Ainley, Deputy County Attys., Phoenix, for petitioner.

Dean W. Trebesch, Maricopa County Public Defender by James J. Haas and Robert W. Doyle, Deputy Public Defenders, Phoenix, for real parties in interest.

OPINION

McGREGOR, Judge.

The issue in this case is whether a defendant charged with aggravated driving while under the influence of intoxicating liquor is entitled to a bifurcated trial at which the state must first establish that he drove under the influence of liquor before being permitted to present evidence that his driver's license was invalid or restricted. We conclude a bifurcated trial is inappropriate.

I.

The state charged Dean Henry Begody and Fidel Jimenez Borunda (defendants)

with aggravated driving while under the influence of intoxicating liquors or drugs (DUI). The state alleged each defendant violated Ariz.Rev.Stat.Ann. ("A.R.S.") § 28–692.02.A.1, which provides:

A. A person is guilty of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs if the person does either of the following:

. 1. Commits a violation of § 28–692 [misdemeanor DUI] while the person's driver's license is suspended, canceled, revoked or refused or in violation of a restriction placed on a driver's license as a result of violating § 28–692 or 28–694.

Each defendant moved for a bifurcated trial, arguing that evidence he drove with an invalid or impaired driver's license would have a prejudicial impact on the jury. The trial court granted defendants' motions and then stayed each trial to permit the state to petition this court for special action review.

We consolidated the cases on review because they raise identical issues. We exercise special action jurisdiction pursuant to A.R.S. § 12–120.21.A.4 because these cases present a question of law of statewide importance and because the state has no equally plain, speedy or adequate remedy by appeal. Rules 1, 3, Ariz. R. P. for Special Actions. *See State ex rel. Collins v. Superior Ct.,* 161 Ariz. 392, 393, 778 P.2d 1288, 1289 (App.1989) (special action jurisdiction exercised to determine whether bifurcated grand jury proceeding is required for felony DUI indictment).

We vacated the trial court's orders bifurcating the trials and stated a written opinion would follow. This is that opinion.

## II.

The only issue raised is whether a defendant charged with aggravated DUI can demand a bifurcated trial at which the trial court prohibits the state from presenting evidence to show the defendant's driver's license was invalid or impaired unless the state establishes, in the first stage of the trial, that the defendant committed DUI. This issue presents a question of law that this court reviews *de novo. See State ex rel. Collins v. Udall,* 149 Ariz. 199, 717 P.2d 878 (1986).

## A.

■ Defendants' contention that they are entitled to bifurcated trials relies primarily upon Rule 19.1.b, Arizona Rules of Criminal Procedure. Rule 19.1.b, however, by its terms does not apply to the offense with which defendants are charged. The rule requires a bifurcated trial when the state alleges a prior conviction *unless* the prior conviction is an element of the offense charged.[1] *State v. Geschwind,* 136 Ariz. 360, 666 P.2d 460 (1983) (bifurcated trial not required for felony DUI charge because the defendant's prior DUI conviction is an element of the offense).

In the present cases, however, the state did not allege a prior conviction related to the aggravated DUI charge brought against either defendant.[2] Absent an allegation of a prior conviction, Rule 19.1.b simply does not apply.

---

1. Rule 19.1 provides:
   **b. Proceedings When Defendant is Charged With Prior Convictions.** In all prosecutions in which a prior conviction is alleged, *unless such conviction is an element of the crime charged,* the procedure shall be as follows:
   (1) The trial shall proceed initially as though the offense charged were a first offense. When the indictment, information or complaint is read all reference to prior offenses shall be omitted. During the trial of the case no instructions shall be given, reference made, nor evidence received concerning prior offenses, except as permitted by the rules of evidence.

   (2) If the verdict is guilty, the issue of the prior conviction shall then be tried, unless the defendant has admitted the prior conviction. (Emphasis added.)

2. The state also charged defendants with other offenses. In connection with those other offenses, the state alleged defendant Begody had two DUI convictions during the prior 60 months, in violation of A.R.S. § 28–692.02.A.2. Whether the state alleged prior convictions against defendant Borunda in connection with the other offenses charged is unclear from the record.

### B.

■ Defendants also contend that Rule 19.1.b applies by analogy. The rationale underlying the rule's prohibition against introducing evidence of a defendant's prior conviction is that "[t]he effect of information of a prior conviction is to create in the minds of the jury an impression that the defendant's character is bad...." *State v. Martinez,* 109 Ariz. 303, 304, 508 P.2d 1165, 1166 (1973). The unfair prejudice resulting from evidence a defendant charged with DUI drove with an invalid or impaired driver's license, defendants contend, can be just as great as that resulting from evidence of a prior conviction.

Defendants' argument, however, fails to address the first question that must be raised to determine whether bifurcation of a criminal trial is justified. We first consider whether the issue for which the defendant seeks a separate trial is an element of the crime charged. If so, prior decisions of the Arizona Supreme Court establish that bifurcation to avoid the "prejudice" caused by proof of one element of the offense is inappropriate.

Defendants argue that a charge brought under the aggravated DUI statute involved here requires treatment similar to that afforded a charge brought pursuant to the felony DUI statute considered in *Udall.* We disagree. In *Udall,* the state charged the defendant with felony DUI under former A.R.S. § 28–692.01.F [3] and alleged prior DUI convictions. The supreme court concluded the defendant was entitled to a bifurcated trial for his prior DUI convictions because those prior convictions were not an element of the underlying offense:

> Once a conviction for [a] violation of § 28–692 [misdemeanor DUI] occurs, the punishment provisions of § 28–692.01 come into play.... The prior conviction is not an element of the basic offense,

but a prior conviction does increase the penalty for that offense.... We have consistently held that statutes authorizing the infliction of a more severe penalty on one who is a persistent offender do not create new, separate, or distinct offenses.

*Id.* at 149 Ariz. 200, 717 P.2d at 879.

Unlike the statute considered in *Udall,* the aggravated DUI statute involved in the present cases does not subject a DUI offender to a more severe penalty because he is a repeat offender. Rather, A.R.S. § 28–692.02.A.1 elevates a DUI charge from a misdemeanor to a felony when a *first-time* offender commits DUI while his driver's license is invalid or restricted. The statute therefore creates the separate offense of aggravated DUI, of which driving with an impaired or invalid driver's license is an element.

The importance of the distinction between the statute considered in *Udall* and that at issue here is underscored by the supreme court's decision in *Geschwind.* In that case, the state charged the defendant with felony DUI under former A.R.S. § 28–692.02.A, the predecessor to the current aggravated DUI statute.[4] The state alleged the defendant violated the statute because he had never applied for a driver's license and had committed a second DUI offense. In an argument substantially identical to that made in these cases, the defendant argued he was entitled to a bifurcated trial at which proof of his prior DUI conviction would be permitted only if the jury first found he committed DUI without having applied for a driver's license. *Id.* 136 Ariz. at 362, 666 P.2d at 462. The court squarely rejected that argument because a prior DUI conviction was a " 'constituent part of [the] crime which must be proved by the prosecution to sustain a conviction,' " and therefore an

---

**3.** That statute provided:

> If a person is convicted of a third or subsequent violation of § 28–692 within a period of sixty months, the person is guilty of a class 5 felony and shall not be eligible for probation, pardon, parole....

1983 Ariz.Sess.Laws 1046, § 7.

**4.** The relevant portion of former A.R.S. § 28–692.02.A provided:

> A person ... who has never applied for or obtained an operator's ... license who commits a second offense of driving while under the influence of intoxicating liquor or drugs, is guilty of a class 6 felony.

1978 Ariz.Sess.Laws 835, § 469.

element of the offense. *Id.* (citations omitted). Because the prior conviction was an element of the charged offense, the defendant was not entitled to a bifurcated trial. *Id.* at 362–63, 666 P.2d at 462–63. *See also State v. Gin*, 158 Ariz. 202, 204, 761 P.2d 1106, 1108 (App.1988) (driver's license suspension that resulted from a prior DUI conviction is a substantive element of aggravated DUI under A.R.S. § 28–692.02.-A.1).

The same analysis applies here. An invalid or impaired driver's license is an element of the offense because the state cannot convict these defendants of aggravated DUI unless it proves each defendant committed DUI while his driver's license was suspended, canceled, revoked, refused or restricted. For that reason, even if we apply the rationale underlying Rule 19.1.b to these cases, defendants are not entitled to bifurcated trials.

### C.

■ The trial judge bifurcated defendants' trials because he determined that, even if evidence of an invalid or impaired driver's license is an element of aggravated DUI, such evidence is as unfairly prejudicial as is evidence of a prior conviction and therefore warrants the same treatment.[5] While the prejudicial impact of the two may be similar, in *Geschwind* the supreme court expressly rejected the analysis relied upon by the trial court:

> [Once the underlying crime or specified conduct is classified as an element of the offense,] evidence of the underlying crime or specified conduct *cannot be precluded as irrelevant or unfairly prejudicial....* "[T]he underlying criminal activity is not distinct and independent; rather, it is an integral part of the crime with which [defendant] was charged."

136 Ariz. at 363, 666 P.2d at 463 (citation omitted) (emphasis added). *Geschwind*

therefore establishes that the trial court possessed no discretion to bifurcate defendants' trials to eliminate the "prejudice" resulting from proof of an element of the offense charged.

### III.

For the foregoing reasons, we vacate the trial court's orders granting the defendants' motions for bifurcated trials.

GERBER, P.J., and TAYLOR, J., concur.

---

5. When ruling on defendant Borunda's motion for a bifurcated trial, the trial judge stated:

[C]oncluding that the reasonable inference the jury would draw from proof of license suspension or revocation in the one trial, ... [a] single phase trial, [is] some form of mis-

conduct, driving offenses or otherwise, ... — that inference would work to his distinct prejudice, unfair prejudice. And that unfair prejudice outweighs by far any interest [of] the state in proving those two elements at the same time in a single phase trial.