868 P.2d 982

**STATE of Arizona, Appellee–Respondent,**

v.

**Sidney Levi REBOLLOSA,
Appellant–Petitioner.**

**Nos. 1 CA–CR 91–0599, 1
CA–CR 92–0422–PR.**

Court of Appeals of Arizona,
Division 1, Department E.

Aug. 19, 1993.

Review Denied March 1, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Diana P. Stabler, Asst. Atty. Gen., Phoenix, for appellee-respondent.

Neal W. Bassett, Phoenix, for appellant-petitioner.

## OPINION

VOSS, Presiding Judge.

In this case we hold that a stipulation concerning an element of an offense that is accepted by all parties must be presented to the jury.

On August 1, 1990, an officer from the Mesa Police Department observed defendant driving erratically and speeding. The officer stopped defendant and asked him to perform several field sobriety tests. Defendant did so but refused to take a blood or breath test. The field sobriety tests revealed signs of intoxication and defendant was arrested. At his trial, defendant stipulated that he was aware that his driver's license was revoked at the time of his arrest. The stipulation was read to the jury. Defendant was found guilty of driving with a suspended license while intoxicated with two prior convictions and sentenced to an aggravated term of six years in prison with credit for 128 days of presentence incarceration. Defendant filed a timely notice of appeal and then filed a petition for post-conviction relief. The trial court denied relief on the petition for post-conviction relief and defendant filed a timely petition for review with this court. The direct appeal and petition for review have been consolidated.

Defendant raises two issues for our review: (1) whether the trial court erred in aggravating his sentence based on an arrest that occurred while defendant was on release from the present charge; and (2) whether defendant was denied effective assistance of counsel because his attorney failed to keep a stipulation from the jury that defendant's license was revoked. For the reasons set forth below, we affirm the judgment of the trial court.

In imposing the six-year aggravated sentence, the trial court stated:

> If he just had two priors, I might be persuaded that his record should not call for an aggravated sentence; it should call for at most a presumptive, but he has three prior convictions. He was arrested and charged with DWI while on release from this charge. I appreciate that he's not been convicted of that new offense, but there was a hearing in front of Judge Gottsfield and he did find sufficient evidence upon which to base a revocation of release. So I will consider that new arrest as a factor, as an aggravating factor.

Defendant argues that it was error to aggravate his sentence based on the intervening arrest without giving him an opportunity to rebut or explain that arrest. We disagree.

It is well established that prior incidents that do not result in convictions may be used to aggravate a sentence. *State v. Stuck*, 154 Ariz. 16, 22, 739 P.2d 1333, 1339 (App.1987). "When, however, the trial court aggravates a sentence based on the mere

report of an arrest with no evidence of the underlying facts to demonstrate that a crime or some bad act was *probably committed* by the defendant, the trial court errs." *State v. Shuler*, 162 Ariz. 19, 21, 780 P.2d 1067, 1069 (App.1989) (emphasis added). In this case, the trial court, albeit a different judge, made a finding of probable cause that defendant committed the intervening DWI when it revoked his release prior to trial. *See* Rule 7.5(b), Ariz.R.Crim.P. There is nothing improper in the trial court taking judicial notice of an earlier ruling in the same action. *State v. Camino*, 118 Ariz. 89, 90, 574 P.2d 1308, 1309 (App.1977). We find no error.

■ Defendant also contends that he was denied an opportunity to explain the intervening arrest. The trial court must give a defendant an opportunity to speak on his own behalf at sentencing. Rule 26.10(b)(1), Ariz.R.Crim.P. At the presentence hearing, defendant was questioned about the intervening arrest by both the prosecutor and defense counsel. Before articulating the aggravating factors and pronouncing sentence, the trial judge asked both defendant and his counsel if they had anything to add. Under these circumstances, it cannot be said that defendant was denied the right to speak on his own behalf. *See State v. Ballantyne*, 128 Ariz. 68, 72, 623 P.2d 857, 861 (App.1981). Moreover, to obtain a resentencing because of an error regarding the right to speak on his own behalf, a defendant must show he would have added something of significance if he had been given his full right. *Shuler*, 162 Ariz. at 25, 780 P.2d at 1073. Defendant fails to state what he would have said that would have affected his sentence. Without some showing of prejudice, resentencing is unnecessary even if error occurred. *Id.*

■ Defendant next argues that his counsel was ineffective because his attorney did not seek to keep the stipulation concerning his driver's license revocation from the jury. Defendant relies on *State v. Leonard*, 151 Ariz. 1, 725 P.2d 493 (App.1986) in support of this argument. In *Leonard*, the defendant was charged with driving while intoxicated with two prior convictions within sixty months. *Id.* at 2, 725 P.2d at 494. He offered to stipulate outside the presence of

the jury that he had two prior convictions within sixty months so that if the jury returned a guilty verdict, the conviction would be deemed a violation of felony driving while intoxicated with two prior convictions. *Id.* at 7, 725 P.2d at 499. The state would not accept the stipulation. *Id.* The court held that "the state is not required to accept a stipulation when the prejudicial potential of the evidence is outweighed by the state's legitimate need to prove the facts to which the defendant offers to stipulate." *Id.* at 8, 725 P.2d at 500. The trial court should conduct a balancing test when an offer to stipulate is made. *Id.* If the state's refusal to accept the stipulation will encumber the trial court with uncontested matters then the stipulation should be accepted, and if the stipulation falls short of satisfying a necessary element of the offense, then the stipulation should be rejected. *Id.*

*Leonard* does not clearly explain what becomes of a stipulation once it is accepted by the prosecutor; however, its implication is that the stipulation is kept from the jury. The court stated that:

> [D]efendant's proffered stipulation eliminated any chance that knowledge of the prior convictions would prejudice the jury.... The defendant's stipulation regarding his priors satisfied the felony DWI statute. The state's only motive in putting the priors before the jury was to prejudice the defendant on the pending charge by encouraging the jury to hastily conclude that "if he's done it before, he's guilty now."

*Id.* The court in *Leonard* concluded that in light of the overwhelming evidence against defendant, the trial court committed harmless error in rejecting the stipulation. *Id.* We disagree with *Leonard* to the extent that it implies that a stipulation concerning an element of the charged offense that is accepted by all parties must be kept from the jury.

■ At the time defendant was indicted and subsequently convicted A.R.S. § 28–692.02(A)(1) read:

> A. A person is guilty of aggravated driving or actual physical control while under the influence of intoxicating liquor or

drugs if the person does either of the following:

1. Commits a violation of section 28–692 while the person's driver's license is suspended, cancelled, revoked or refused or in violation of a restriction placed on a driver's license as a result of violating section 28–692 or 28–694.

The state has the burden of proving every element of the offense charged. *See Woerth v. City of Flagstaff,* 167 Ariz. 412, 419, 808 P.2d 297, 304 (App.1990). A suspended or revoked license is a necessary element of the offense of aggravated driving while under the influence of intoxicating liquor under A.R.S. § 28–692.02(A)(1). *State ex rel. Romley v. Superior Court,* 171 Ariz. 468, 471, 831 P.2d 844, 847 (App.1992).

█ To prevail on his claim that counsel should have kept the stipulation from the jury, defendant must show: (1) counsel's representation fell below prevailing professional standards; and (2) the deficient representation caused him prejudice in the sense that the outcome would probably have been different with effective representation. *State v. Nash,* 143 Ariz. 392, 397, 694 P.2d 222, 227 (1985). The court need not address both parts of the inquiry if the defendant makes an insufficient showing on one part. *State v. Salazar,* 146 Ariz. 540, 541, 707 P.2d 944, 945 (1985).

█ Here, we find that defendant's counsel was not ineffective because the stipulation was properly presented to the jury. Before the trial began, the trial judge read the indictment to the jury. The indictment stated that defendant was charged with driving a vehicle while under the influence of intoxicating liquor while his driver's license was suspended. Additionally, at the close of evidence, the jury was instructed as follows:

The crime of driving with a suspended license while intoxicated required (sic) proof of the following two things:

1. The defendant committed the offense of driving while under the influence of an intoxicant; and

2. At that time, the defendant's driver's license was suspended or revoked.

Thus, the jury was told on more than one occasion that a suspended license was an element of the offense. Before the stipulation, the state had to prove that defendant's license was suspended. After defendant stipulated that his license was suspended, it was no longer necessary for the state to present evidence to prove that fact. However, it was still necessary for the jury to receive this information to aid them in deciding that element of the offense. We agree with the trial judge that at trial, "either the state was going to be able to try to prove the suspended license element, or Petitioner was going to have to stipulate to it. Either way, the jury was going to hear about it." The jury could not be deprived of a dispositive stipulation concerning one of the essential elements of the offense. Further, defendant cannot show that he was prejudiced by the introduction of the stipulation. Evidence of a suspended license, whether in the form of a stipulation or proof offered by the state, cannot be precluded as prejudicial because it is an "integral part of the crime with which appellant was charged." *State v. Geschwind,* 136 Ariz. 360, 363, 666 P.2d 460, 463 (1983).

We note that defendant abandoned his argument that he was entitled to a bifurcated trial in light of our decision in *Romley,* 171 Ariz. at 471, 831 P.2d at 847 (An invalid or impaired driver's license is an element of the offense of aggravated driving and the state cannot convict a defendant of aggravated driving until it proves that the defendant was in fact driving with an impaired license while intoxicated. Therefore, defendants charged under A.R.S. § 28–692.02 are not entitled to bifurcated trials.).

Pursuant to A.R.S. § 13–4035, we have reviewed the record on appeal for fundamental error and have found none. The conviction and sentence are affirmed; review is granted, but relief is denied.

LANKFORD, J., concurs.

GERBER, Judge, concurring and dissenting,

I concur in all respects with the majority but respectfully dissent from its interpretation of *Leonard* as requiring all stipulations to be kept from the jury. I do not find

either that language or that implication in *Leonard*, which addresses the factually dissimilar situation of proving priors. In the present case, the stipulation addressed an element of the offense charged and accordingly was properly shared with the jury.