930 P.2d 517

STATE of Arizona, ex rel Dennis
M. O'NEILL, Chandler City
Attorney, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, in and for the COUNTY OF MARICOPA, Honorable Thomas Dunevant, III, a judge thereof,

David A. KANKELFRITZ, Real
Party in Interest.

No. 1 CA–SA 96–0187.

Court of Appeals of Arizona,
Division 1, Department C.

Aug. 29, 1996.

Redesignated as Opinion and
Publication Ordered Nov. 26, 1996.

Thomas A. Zaworski, Assistant City Prosecutor, Chandler, for Petitioner.

· Law Offices of Weingart and Penrod by Martin McAuliffe, Tempe, for Real Party in Interest.

## OPINION

This court has considered this appeal, SUSAN A. EHRLICH, P.J., and WILLIAM F. GARBARINO and CECIL B. PATTERSON, Jr., JJ., participating.

The petitioner challenges the ruling of the municipal court and its affirmance by the superior court suppressing breath test results because the test was administered more than two hours after the respondent's operation of a motor vehicle. For the following reasons, we accept jurisdiction and grant relief.

## I. FACTS AND PROCEDURAL HISTORY

The following facts are undisputed. On August 25, 1994, David A. Kankelfritz ("respondent") was involved in a two-car collision. The time of the accident was 7:40 p.m. At 8:20 p.m., the police arrived and the respondent was arrested for driving under the influence ("DUI"). *See* Ariz.Rev.Stat. Ann. ("A.R.S.") § 28–692(A)(1).

The respondent was then taken to the Chandler Police Station where replicate breath tests were administered at 9:57 p.m. and 10:05 p.m. The tests yielded respective results of .16% and .147%. The respondent was also charged with having a blood alcohol content of .10% or more within two hours of driving. *See* A.R.S. § 28–692(A)(2).

The respondent filed a motion to suppress the breath test results on the grounds that the test was administered more than two hours after operation of a vehicle. The Chandler Municipal Court Judge granted the motion to suppress and also granted the respondent's motion to dismiss the section 28–692(A)(2) charge. The petitioner then filed a motion to dismiss the section 28–692(A)(1) charge and appealed the trial court's ruling which suppressed the breath test results. The superior court affirmed, and this special action followed.

We accept special action jurisdiction because the petitioner has no right of direct appeal to challenge the municipal court's application of section 28–692(A)(2). *State ex rel. McDougall v. Superior Court in and for Maricopa County,* 170 Ariz. 474, 475, 826 P.2d 337, 338 (App.1991).

The petitioner argues that the superior court erred because a plain reading of section 28–692(A)(2) indicates a violation when a person has an alcohol content of .10 or more within two hours of driving. The petitioner maintains that the statute does not require that the testing be accomplished within the two-hour period, as asserted by the respondent. We agree.

As previously stated by this court, "[n]either the time frame imposed nor the requirement of driving or being in actual physical possession defy common understanding." *State v. Martin,* 174 Ariz. 118, 122, 847 P.2d 619, 623 (App.1992). Section 28–692(A)(2) clearly defines the prohibited behavior. *Id.* The burden to prove a violation of section 28–692(A)(2) beyond a reasonable doubt is on the state. *Id.* at 123, 847 P.2d at 624. This may be met with evidence relating the defendant's blood alcohol content back to the time of driving. *McDougall,* 170 Ariz. at 476–77, 826 P.2d at 339–40.

The blood alcohol testing may take place during the two-hour period referenced in section 28–692(A)(2). *Martin,* 174 Ariz. at 122, 847 P.2d at 623. The statute, however, does not require that testing be done within that two-hour period. We therefore reject the respondent's argument that section 28–692(A)(2) requires that breath testing be done within two hours of driving.

## II.  CONCLUSION

The municipal court erred in suppressing the respondent's breath test results on the basis that the testing was not done within two hours of driving. The municipal court also erred in dismissing the section 28–692(A)(2) charge. We reverse the decision of the superior court and remand to the municipal court for proceedings consistent with this decision.