973 P.2d 1203

**STATE of Arizona, Appellee,**

v.

**Lance Allen ROOT, Appellant.**

**No. 1 CA–CR 97–0737.**

Court of Appeals of Arizona,
Division 1, Department E.

Dec. 10, 1998.

As Amended Dec. 15, 1998.

Review Granted April 14, 1999.

Grant Woods, Attorney General By Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Serena Christion, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Law Offices of David Michael Cantor, P.C. By David Michael Cantor, Mesa, Attorney for Appellant.

OPINION

GARBARINO, Judge

¶ 1   Lance Allen Root (the defendant) appeals his conviction and sentence for aggravated driving under the influence of intoxicating liquor or drugs (aggravated DUI), a class 4 felony. We reverse and remand for a new trial.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2   In the early morning hours of April 21, 1996, a Mesa police officer responded to a report of a two-car accident. While the officer was speaking with T.B., the driver of one of the vehicles, the defendant, the driver of the other vehicle, approached T.B. and apologized to her for the accident. Upon questioning the defendant about the accident, the officer detected the odor of alcohol on the defendant's breath and observed that his speech was slightly slurred and his eyes were watery and bloodshot. The officer asked the defendant if he had been drinking. The defendant responded that he had just left a party where he had consumed two beers. He agreed to provide a breath sample on an Alco–Sensor, a portable breath testing device. The sample tested positive for the presence of alcohol. The officer then conducted various field sobriety tests before concluding that probable cause existed to arrest the defendant for driving while intoxicated.

¶ 3   The officer explained Arizona's implied consent law to the defendant, *see* Arizona Revised Statutes Annotated (A.R.S.) section 28–691,[1] and requested that he consent to a blood test. When the defendant refused to consent, the officer informed him that he intended to obtain a search warrant authorizing him to draw the defendant's blood. The officer then transported the defendant to the Mesa jail. At jail, the defendant agreed to provide a blood sample. The resulting blood test, performed approximately two and one-half hours after the accident, revealed a blood alcohol content (BAC) of .08.

---

1. This section has since been renumbered as A.R.S. section 28–1321 by ch. 76, § 3, 1996 Ariz. Sess. Laws 198 and amended by ch. 1, § 102, 1997 Ariz. Sess. Laws 83–86.

444

¶4 The defendant had previously been convicted of DUI in 1991 and 1994. The State charged the defendant by information with two counts of aggravated DUI, alleging violations of both A.R.S. section 28–697(A)(1)[2] (DUI with license suspended, canceled, revoked or refused) and A.R.S. section 28–697(A)(2) (third or subsequent DUI in a sixty month period). The State proceeded to trial on the second count only, driving while impaired to the slightest degree with two prior DUI convictions. The jury returned a guilty verdict. The court subsequently revoked the defendant's license, suspended imposition of sentence, and placed him on six years' probation. The court also ordered the defendant to serve a jail term of four months with no days of presentence incarceration credit.

¶5 The defendant timely appealed his conviction and sentence. He first argues that the trial court abused its discretion by admitting evidence of his two prior DUI convictions. He also contends that the trial court erred by instructing the jury on certain statutory presumptions. We have jurisdiction pursuant to article VI, section 9 of the Arizona Constitution and A.R.S. sections 12–120.21 (1992), 13–4031 (1989), and 13–4033(A) (Supp.1997).

## ISSUES

1. Did the trial court err by denying the motion to preclude all evidence of the defendant's prior DUI convictions once the defendant had agreed to stipulate to their existence in order to satisfy an element of the charged offense?

2. Did the trial court err by instructing the jury on the statutory presumptions of A.R.S. section 28–692(E)[3]?

## DISCUSSION

■ ¶6 We view the facts in the light most favorable to sustaining the verdicts, resolving all reasonable inferences against

the defendant. *See State v. Atwood*, 171 Ariz. 576, 596, 832 P.2d 593, 613 (1992).

### I. Evidence of Prior DUI Convictions

¶7 Prior to trial, the defendant offered to stipulate that he had been convicted of two prior DUI offenses in the preceding sixty months if, in exchange for his admission, the trial court precluded the State from mentioning those prior convictions during trial. Because the information included references to his two prior convictions, the defendant also filed a motion in limine seeking to preclude the trial court from reading the charging document to the jury.

¶8 The defendant argued that evidence of his two prior DUI offenses would be unfairly prejudicial because it would amount to nothing more than improper character evidence, and would invite the jury to conclude that he was more likely to have been driving under the influence on this occasion. The trial court denied the motion, noting that the prior DUI convictions were an element of the offense charged and that the jury needed to be informed of their existence.

¶9 The defendant now challenges the trial court's ruling. He argues, as he did in his motion in limine, that the United States Supreme Court's ruling in *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), required the trial court to order the State to accept such a stipulation and to preclude any reference to the prior DUI convictions. We agree.

¶10 Evidence of a prior conviction or convictions, often without much more, is the impetus for a jury to convict. It has long been the rule that evidence of unrelated criminal acts cannot be admitted to support commission of the crime being prosecuted. *See Crowell v. State*, 15 Ariz. 66, 69, 136 P. 279, 280 (1913).

"The general rule is that when a man is put upon trial for one offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and that, under ordinary circum-

---

2. This section has since been renumbered as A.R.S. section 28–1383 and amended by ch. 76, §§ 3, 25, 1996 Ariz. Sess. Laws 199, 298–99.

3. This section has since been renumbered as A.R.S. section 28–1381(H) by ch. 76, § 3, 1996 Ariz. Sess. Laws 199.

stances, proof of his guilt of one or a score of other offenses in his lifetime is wholly excluded."

*Quen Guey v. State,* 20 Ariz. 363, 368–69, 181 P. 175, 177 (1919) (quoting *People v. Sharp,* 107 N.Y. 427, 14 N.E. 319 (N.Y.1887)).

¶ 11 We acknowledge that an exception to the rule exists in that evidence of other criminal acts will be admitted if it directly establishes an essential element of a crime. *See State ex rel. Romley v. Begody,* 171 Ariz. 468, 470–71, 831 P.2d 844, 846–47 (App.1992). Here, however, the defendant offered to stipulate to the two prior DUI convictions that constitute an essential element of the offense of aggravated DUI. The defendant's stipulation would have satisfied an element of the offense of aggravated DUI, and it would have avoided the risk that the jury would find the defendant guilty because he committed the same crime on two prior occasions. *See* Ariz. R. Evid. 403 (necessitating a balance of competing factors to determine whether the prejudice caused by admission of the evidence would outweigh its probative relevance).

¶ 12 In *Old Chief,* the government charged a defendant with, among other offenses, a violation of 18 U.S.C. § 922(g)(1), which prohibits a convicted felon from possessing a firearm. *See* 519 U.S. at 175, 117 S.Ct. 644. The defendant had previously been convicted of assault resulting in serious bodily injury. Before his trial, he moved for an order prohibiting the government from mentioning the nature of his prior felony conviction. *See id.* at 175–76, 117 S.Ct. 644. In return, he offered to stipulate that he had previously been convicted of a felony. *See id.* at 176, 117 S.Ct. 644. He argued that informing the jury of the precise nature of his prior felony conviction would unfairly prejudice the jury against him, and that this evidence was therefore inadmissible under Rule 403 of the Federal Rules of Evidence. *See id.* The trial court denied Old Chief's motion and, over objection, the government introduced the order of judgment and commitment for his prior conviction. *See id.*

¶ 13 The Supreme Court reversed, holding that under Rule 403, the probative value of the precise nature of Old Chief's prior

conviction was substantially outweighed by the danger that its admission would be unfairly prejudicial to him. *See* 519 U.S. at 183, 117 S.Ct. 644. The Supreme Court reasoned that, to convict Old Chief under 18 U.S.C. § 922(g)(1), the jury only needed to know that he was a convicted felon and that he had been in possession of a firearm. Because Old Chief was willing to stipulate to the jury that he was a convicted felon, the government had no legitimate purpose in presenting the prejudicial information about the prior conviction. *See* 519 U.S. at 180, 117 S.Ct. 644.

¶ 14 The Wisconsin Supreme Court, in *State v. Alexander,* 214 Wis.2d 628, 571 N.W.2d 662 (1997), a DUI case decided after *Old Chief,* went beyond the holding in *Old Chief,* to prohibit any mention of prior convictions to the jury. The court deduced that jurors, relying on their experiences and common sense, would conclude that if a defendant charged with driving with a prohibited alcohol concentration has prior convictions, the convictions are for driving offenses and likely drunk driving offenses. *See Alexander,* 571 N.W.2d at 670. The court held that when the sole purpose of introducing a defendant's prior convictions is to prove a status element and the defendant admits that element, the danger of prejudice far outweighs the probative value, which the court concluded is "virtually nil." *Id.* at 671.

¶ 15 In his dissent, our colleague expresses concern about this Court's crossing the line into the legislative arena and deciding "the wisdom or even the fairness of any legislative enactment." We certainly recognize and respect the line of demarcation that separates the functions of the judiciary from those of the legislature. By this decision, we are neither rewriting the statute nor deleting the requirement that a defendant must have two prior convictions to be found guilty of felony DUI. In keeping with the Arizona Rules of Evidence, we are merely trying "to secure fairness" so that "the truth may be ascertained and [the] proceedings justly determined." Ariz. R. Evid. 102.

¶ 16 The challenge in the present case is to do justice to the legislative intent behind

A.R.S. section 28–697(A)(2)[4] and, at the same time, make certain that an accused retains the right to be presumed innocent until proven guilty. *See State v. Leonard,* 151 Ariz. 1, 7–8, 725 P.2d 493, 499–500 (App.1986) (finding error in the trial court's rejection of a defendant's proffered stipulation, even though the stipulation was to be made "outside the presence of the jury"). *But see State v. Rebollosa,* 177 Ariz. 399, 401, 868 P.2d 982, 984 (App.1993) (disagreeing with *Leonard* to the extent that it stands for the proposition that any stipulation involving an element of the offense agreed to by the parties may not be presented to the jury).

¶ 17  We also note that the present case is distinguishable from both *State v. Geschwind,* 136 Ariz. 360, 666 P.2d 460 (1983), and *State v. Virgo,* 190 Ariz. 349, 947 P.2d 923 (App.1997). Neither *Geschwind* nor *Virgo* concerns an admission of guilt. In *Geschwind,* the court held that the defendant was not entitled to a bifurcated trial concerning his prior DUI conviction because the prior conviction constituted an element of felonious DUI, the offense charged. *See* 136 Ariz. at 362–63, 666 P.2d at 462–63. In contrast to the defendant's proffered admission in this case, the *Geschwind* court only considered the order of proof in the trial court and the feasibility of a bifurcated trial. In *Virgo,* the parties agreed "to stipulate that the substance seized ... was a usable quantity of marijuana with a weight of 35 pounds." 190 Ariz. at 350, 947 P.2d at 924. The stipulation only established that there was thirty-five pounds of marijuana; the defendant did not admit that he *possessed* thirty-five pounds of marijuana.

¶ 18  Although a carte blanche rule allowing the State to introduce evidence of prior DUI convictions when they are elements of the crime charged would make a trial less complicated, it almost ensures an automatic conviction. That, we believe, was not the intent of the legislature. Accordingly, we reverse the trial court's denial of the defendant's motion to preclude evidence of his prior DUI convictions, made in conjunction with his offer to stipulate to admit to the prior convictions.

## II.  *Instruction on Statutory Presumptions*

¶ 19  The second issue is whether the trial court erred when it instructed the jury on the statutory presumptions related to the results of the BAC test performed on the defendant approximately two and one-half hours after the accident. The test revealed a BAC of .08. At trial, the State's criminalist retroactively extrapolated the defendant's .08 BAC to within two hours of driving; she testified that depending on certain variables, such as the time the defendant last consumed alcohol, a BAC of .08 measured two and one-half hours after the accident would have placed the defendant's BAC anywhere between .065 and .16 at the time of the accident.

¶ 20  Over objection, the trial court instructed the jurors on the presumptions that they could draw from this evidence pursuant to A.R.S. section 28–692(E):

The amount of alcohol in a defendant's blood gives rise [to] the following presumptions: If there was within two hours of the time of driving .05 percent or less by concentration of alcohol in the defendant's blood, it may be presumed that the defendant was not under the influence of intoxicating liquor.

. . . .

If there was within two hours of the time of driving, more than .05, but less than .10 percent by concentration of alcohol in the defendant's blood, such fact does not give rise to any presumption that the defendant was or was not under the influence of intoxicating liquor.

If there was within two hours of the time of driving .10 percent or more by concentration of alcohol in the defendant's blood, it may be presumed that the defendant was under the influence of intoxicating liquor.

¶ 21  The defendant argues that because the statutory presumptions of section 28–

---

4.  To convict a defendant of aggravated DUI under this section, a jury must find that he has been convicted of DUI on at least two occasions in the preceding sixty months.  *See* A.R.S. § 28–697(A)(2).

692(E) did not apply in this case, the offered instruction constituted reversible error. According to the defendant, the presumptions only apply when evidence exists of "the defendant's alcohol concentration *within two hours of the time of driving ... as shown by analysis of the defendant's blood, breath or other bodily substance.*" A.R.S. § 28–692(E) (emphasis added). In other words, the defendant interprets the statute as requiring the State to perform a test of a DUI suspect's blood, breath, or other bodily substance within two hours of the time of driving or physical control of a vehicle. Because the analysis of the defendant's blood did not occur until two and one-half hours after the accident, the defendant maintains that the State had no evidence of his BAC within the required two-hour time frame and that the instruction regarding the statutory presumptions was therefore inappropriate and misleading. We disagree.

■ ¶ 22  When a defendant's BAC is not measured within two hours of driving, the State may still meet its burden of proving that the defendant had a BAC of 0.10 or more within the two-hour period by using retroactive extrapolation or "evidence relating the defendant's blood alcohol content back." *State v. Kankelfritz,* 187 Ariz. 440, 441, 930 P.2d 517, 518 (App.1996).[5] Although A.R.S. section 28–692(A)(2) refers to a defendant's alcohol concentration "within two hours of driving or being in actual physical control of the vehicle," the statute does not require that the alcohol concentration be measured during that two-hour period. *Id.* at 441, 930 P.2d at 518. Rather, retroactive extrapolation evidence relating a defendant's BAC back to two hours within the time of driving would be sufficient to justify an instruction on the statutory presumptions of A.R.S. section 28–692(E), even if the actual measurement of the BAC did not occur within those two hours.

¶ 23  In this case, the prosecution presented the necessary retroactive extrapolation through the State criminalist's expert testimony. The evidence indicated that the defendant had a BAC of .08 two and one-half

hours after the accident. Relying on this evidence, the State's criminalist testified that the defendant's BAC would have been between .065 and .16 at the time of the accident. Clearly, the accident happened "within two hours of the time of driving or being in actual physical control" of the vehicle. Thus, the jury was presented with evidence concerning the defendant's BAC during the relevant two-hour time frame. The trial court did not err in giving the presumption instruction to assist the jurors in deciding whether the defendant was impaired to the slightest degree when the accident occurred.

## CONCLUSION

¶ 24  We reverse the trial court's denial of the defendant's offer to stipulate and motion in limine, and we remand this matter to the trial court for a new trial.

RUDOLPH J. GERBER, Judge, concurs.

TOCI, Judge, dissenting.

¶ 25  I respectfully dissent. My disagreement with my colleagues is legal as well as philosophical. Here, the legislature has defined the elements of the offenses for which defendant is charged. Under the more serious charge, the elements are driving under the influence with two previous DUI convictions within sixty months preceding the arrest. The essence of the majority opinion is that the legislature has unfairly prejudiced defendant by providing that defendant's prior misdemeanor convictions are an element of the crime of aggravated DUI. Consequently, according to the majority, these prior convictions must be withheld from the jury.

¶ 26  It seems to me that in reaching this conclusion the majority has strayed from what are commonly accepted as two fundamental precepts of appellate judging—one rooted in the separation of powers and the other in the doctrine of stare decisis. As to the first, we are constrained as appellate judges to acknowledge the line of demarcation that separates our function from that of the legislature. This proposition has a corol-

---

**5.** We disagree with *State v. Kankelfritz* to the extent that it states that evidence must relate

"back to the time of driving," rather than to within two hours of driving.

lary—the rule, often cited, that absent a constitutional question, our role is to apply the statutes as written by our elected officials. It is not our function to determine the wisdom or even the fairness of any legislative enactment. It seems to me that the majority has crossed the line and made that legislative determination. The opinion rewrites the statute to accord with what the majority thinks is fair to defendant. In concluding that the statute is unfairly prejudicial to defendant, the majority has failed to give the legislature its due.

¶ 27 As to the second precept, our judicial tradition acknowledges the role of precedent in our system of justice. As a general principle, good reasons exist for this policy. Most important is the consistency and predictability that stare decisis provides to the law. In our case—we are after all an intermediate court of appeals—we are constrained to follow decisions of our supreme court. Applying that principle here, this outcome should have been controlled by the opinion of our supreme court in *Geschwind*, 136 Ariz. 360, 666 P.2d 460. There, the court clearly stated that evidence of the underlying crime or conduct included by the legislature as an element of the crime "cannot be precluded as irrelevant or unfairly prejudicial." *Id.* at 363, 666 P.2d at 463. Nevertheless, directly contrary to *Geschwind*, the majority holds that an element of the crime cannot be proven because the only purpose of doing so would be to prejudice defendant.

¶ 28 Except for this case, we have consistently followed the principles in *Geschwind* since the legislature enacted the present aggravated DUI statute. Most recently, in *State v. Galati (Petersen)*, 193 Ariz. 437, 973 P.2d 1198 (Ct.App.1998), a panel of this court rejected the reasoning applied by the majority here and instead followed *Geschwind*. In *Galati*, on facts similar to these, we concluded that the trial court erred in keeping prior DUI convictions from the jury. We noted that under Rule 19.1(b), Arizona Rules of Criminal Procedure, if the prior conviction alleged is an element of the crime, a defendant is not entitled to a bifurcated trial. *Id.* at ¶ 8.

¶ 29 Our decision in *Galati* was foreshadowed by other decisions of this court in which we have consistently held that a stipulation as to an element of a crime must be presented to the jury. *See State v. Brito*, 183 Ariz. 535, 537–38, 905 P.2d 544, 546–47 (App.1995); *State v. Superior Court (Walker)*, 176 Ariz. 614, 616, 863 P.2d 906, 908 (App.1993); *Rebollosa*, 177 Ariz. at 402, 868 P.2d at 985; *see also Virgo*, 190 Ariz. at 353, 947 P.2d at 927. The rationale of these cases is persuasive. The legislature has wide latitude in defining crimes. *See Brito*, 183 Ariz. at 537, 905 P.2d at 546. When the legislature prescribes the elements of a crime, the state must prove every element beyond a reasonable doubt. *See Rebollosa*, 177 Ariz. at 402, 868 P.2d at 985. Even if the state and the defendant stipulate to an element of the crime, the stipulation is not binding on the jury. *See Virgo*, 190 Ariz. at 353, 947 P.2d at 927. If the jury verdict does not include an element of the offense, any stipulated facts related to the element may not be considered proven. *See id.*

¶ 30 *Old Chief*, relied on by the majority, does not require us to overturn *Geschwind* and the cases decided by this court. In *Old Chief*, the defendant was charged with violating a federal statute that prohibits a convicted felon from possessing a firearm. 519 U.S. at 174, 117 S.Ct. 644. The defendant had previously been convicted of assault resulting in serious bodily injury. *See id.* at 175, 117 S.Ct. 644. The defendant moved to prohibit the government from mentioning the exact nature of his previous conviction. He offered to stipulate that he had previously been convicted of a felony. He argued that informing the jury of the precise nature of his prior felony conviction would unfairly prejudice him, and the evidence was therefore inadmissible under Rule 403 of the Federal Rules of Evidence. *See id.*

¶ 31 The trial court denied his motion and the government introduced the order of judgment and his prior conviction. *See id.* at 177, 117 S.Ct. 644. On appeal, the Supreme Court reversed. *See id.* at 178, 117 S.Ct. 644. The Court reasoned that, to convict the defendant under the statute, the jury needed to know only that he was a convicted felon

and that he had been in possession of a firearm. *See id.* at 190–91, 117 S.Ct. 644. Because he was willing to stipulate concerning his status as a convicted felon, the government had no legitimate purpose in going into the details of his conviction. *See id.*

¶ 32 *Old Chief* simply does not apply here. In this case, to convict defendant of aggravated DUI the jury was required to find, among other things, that he had been convicted of DUI on at least two occasions in the preceding sixty months. Arizona Revised Statutes Annotated section 28–697(A) requires specific proof of prior DUI convictions. The existence of prior DUI convictions is an element of the offense with which defendant was charged. In *Old Chief,* the federal statute required proof only of a felony conviction.

¶ 33 Furthermore, in *Old Chief,* the defendant was willing to stipulate to the fact that he was a convicted felon—an element of the offense with which he was charged. 519 U.S. at 175, 117 S.Ct. 644. Here, defendant was willing to stipulate only to the prior DUI convictions if this information was kept from the jury. *Old Chief* does not require a trial court to accept such a stipulation. Thus, even under the analysis in *Old Chief,* the trial court erred in precluding evidence of the prior DUI convictions.

¶ 34 But even if *Old Chief* were directly on point, we are not bound to accept that decision in the face of *Geschwind.* *Old Chief* is not a decision of the United States Supreme Court on a constitutional question. It is essentially a decision on the federal rules of evidence, and not one that we need follow. *See State v. Bible,* 175 Ariz. 549, 580, 858 P.2d 1152, 1183 (1993). *Geschwind* is still controlling authority in Arizona on this point, and we are bound to follow it.

¶ 35 I would affirm.